[Civ. No. 42949. Second Dist., Div. Two. Aug. 1, 1974.]

STEVE VOGELSANG, Plaintiff and Appellant, v.
OWL TRUCKING COMPANY, Defendant and Respondent.

**COUNSEL**

Steven Edmondson for Plaintiff and Appellant.

Robert L. Wilson and Ralph R. Blair for Defendant and Respondent.

**OPINION**

**COMPTON, J.**—Plaintiff in a personal injury action appeals from a judgment of dismissal entered pursuant to Code of Civil Procedure section 583, subdivision (b) for failure to bring the case to trial within five years of the filing of the complaint. Plaintiff also noticed an appeal from two previous orders of the superior court dated January 18, 1973, and March 1, 1973. These two orders which will be mentioned *infra* in the chronology of events are nonappealable. (Code Civ. Proc., § 904.) However, the order of January 18, 1973, is reviewable on the appeal from the judgment of dismissal.

CHRONOLOGY

March 4, 1968—complaint filed.

April 1, 1968—At-issue memorandum and certificate of readiness ("Old form") filed. A setting conference but no pretrial conference was requested.

June 16, 1969—"New form" certificate of readiness filed but again no pretrial conference was requested. The certificate recites that all discovery is completed except for defendant's medical examination of plaintiff.

August 19, 1969—Trial setting conference.

November 5, 1969—First trial date.

March 15, 1971—After numerous continuances the matter was ordered off calendar. The order makes no reference to the at-issue memorandum or the certificate of readiness.

January 15, 1973—Plaintiff files notice of "Motion to Set For Trial Before Five Years."

January 18, 1973—Motion to set denied.

February 16, 1973—Plaintiff files notice of "Renewal of Motion to Set Within 5 Years."

February 20, 1973—Defendant files notice of motion to dismiss under Code of Civil Procedure section 583, subdivision (b).

March 1, 1973—Plaintiff's renewal motion denied.

March 7, 1973—Defendant's motion to dismiss granted.

Plaintiff contends that the court's order of January 18, 1973, denying his motion to specially set the matter for trial prior to the expiration of the five-year statutory period was an abuse of discretion citing as authority *Weeks* v. *Roberts,* 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361]. We agree.

In *Weeks,* a pretrial conference was held 26 days prior to the expiration of the 5-year period. The judge presiding over that conference set the trial date 23 days later or 3 days before the expiration date. Seven days before trial the presiding master calendar judge vacated the trial date and ordered the case off calendar stating as his reason that plaintiff was guilty of inexcusable delay. Subsequently, the action was dismissed pursuant to Code of Civil Procedure section 583, subdivision (b). The Supreme Court reversed, holding that the vacation of the trial date was an abuse of discretion which prevented the case from being brought to trial within the period of limitation.

"We have recently held that periods of 33, 58, and 104 days prior to the expiration of the statute were, when each of the causes had completed pretrial, reasonable times within which to commence trial, and that refusals to set for trial within such period constituted abuses of discretion as a matter of law (*Lee* v. *Superior Court,* 2 Civ. 30841 (minute order of August 3, 1966) (33 days); *Timineri* v. *Superior Court,* L.A. 29561 (minute order of March 28, 1968) (58 days); *Randall* v. *Superior Court,*

L.A. 29573 (minute order of June 5, 1968) (104 days).)" (*Weeks* v. *Roberts, supra,* at p. 807.)

Following this quoted language the court went on to say that 28 days was a reasonable time within which to provide a courtroom for at least the commencement of trial and that a refusal to specially set constituted an abuse of discretion.

■ It appears to us that a refusal to set when there remained some 46 days before the expiration of the limitation period was a similar abuse of discretion. There is one distinction, however, between *Weeks* and the case at bar. *Weeks* involved a case in which the pretrial conference had been completed, and it was there stated at page 807: "The question of what would constitute a reasonable time for *pretrial and trial* is more difficult than the question of a reasonable time within which to provide a courtroom for commencement of trial *where pretrial proceedings have been held,* and we do not decide it here." (Italics added.)

In the case at bar no pretrial conference had been conducted and defendant urges that this factor made the 46 days an unreasonably short period of time for setting. However, no pretrial conference had been requested or ordered.

Rule 206(c) of the California Rules of Court provides "If a pretrial conference is not requested [in the "at-issue memorandum"], it may thereafter be requested by either party and such request shall be granted unless to do so will in the opinion of the court *unreasonably interfere with bringing the case to trial* or will otherwise result in unfair advantage to any party." (Italics added.)

Since defendant has not heretofore made such a request, the court could, in its discretion, deny such request at this late date. Since no such request was before the court at the January 18, 1973, hearing on the motion to set, the view of the court at that time was the same as in *Weeks* when the court improperly vacated the trial setting.

Our conclusion that the principle of *Weeks* controls here should not be taken as an indication that we are unmindful of the burden which the Superior Court of Los Angeles bears in administering its tremendous case load nor that we approve of the dilatory conduct of plaintiff's counsel.

Because plaintiff was prevented from bringing the action to trial after January 18, 1973, the statute has been tolled until the filing of the remittitur. (*Weeks, supra; General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]; *Stella* v. *Great Western Sav. & Loan*

*Assn.,* 13 Cal.App.3d 732 [91 Cal.Rptr. 771].) Upon the filing of the remittitur there will be 46 days in which to commence trial.

The judgment is reversed with directions to set the case for trial to commence within 46 days without prejudice to a motion to dismiss under the discretionary provisions of Code of Civil Procedure section 583.

The purported appeal from the various orders is dismissed.

Roth, P. J., and Beach, J., concurred.