[Civ. No. 68459. Second Dist., Div. One. Jan. 5, 1984.]

PAULINE LOUISE GRIFFIS, Plaintiff and Appellant, v.
S. S. KRESGE COMPANY et al., Defendants and Respondents.

**COUNSEL**

Laurence E. Clark and Wanda Grasse for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust, Howard A. Slavin and David Gorney for Defendants and Respondents.

OPINION

SPENCER, P. J.—

INTRODUCTION

Plaintiff Pauline Griffis appeals from an order of dismissal pursuant to Code of Civil Procedure section 583, subdivision (b) entered in favor of defendants on the ground that plaintiff failed to bring the matter to trial within five years from the date of the filing of the complaint.

STATEMENT OF FACTS

On April 27, 1977, plaintiff filed a complaint alleging malicious prosecution, false imprisonment, slander and the intentional infliction of emotional distress. Defendants answered on May 18, 1977. An arbitration conference was held on September 25, 1981; the court determined the matter would not be ordered to arbitration and scheduled a mandatory settlement conference for February 23, 1982, as well as a trial date of March 15, 1982. Counsel for both parties waived notice of the court's determinations.

At the mandatory settlement conference on February 23, 1982, the court ordered the matter to arbitration, at which time Shirley Buckley, plaintiff's attorney, expressed to the court her concern over the imminent expiration of the five-year limitation period set forth in Code of Civil Procedure section 583, subdivision (b). Attorney Buckley received assurances that arbitration would not place the matter in jeopardy of dismissal. Attorney Buckley had been present at the arbitration conference in the previous September; in that notice had been waived, no document appeared in plaintiff's file to memorialize the determinations of the court at that time. Defendants' attorney, Howard Slavin, had been present both at the arbitration conference and the mandatory settlement conference. Notice was also waived at the mandatory settlement conference; again, plaintiff's file contained no document memorializing the actions of the court.

An arbitration hearing was held on March 16, 1982, after which an arbitration award was filed on March 22. Plaintiff requested a trial de novo on April 6, 1982 and, on April 14, 1982, moved to advance the case for trial. A declaration of one of plaintiff's attorneys, Laurence E. Clark, at-

tached to the motion, stated that the five-year limitation period was tolled from September 25, 1981, to March 22, 1982, in that the matter had been submitted to arbitration on March 16, 1982, (within six months of the expiration of the limitation period). The motion and declaration had been prepared by another of plaintiff's attorneys, Wanda Grasse. This was Attorney Grasse's first association with plaintiff's case.

At the hearing on the motion, on May 13, 1982, Attorney Grasse presented her calculations of the tolling period and the consequent expiration of the five-year limitation period to the court, setting that date as September 16, 1982. In response to an inquiry from the court as to whether he agreed that the five-year limitation period would then expire, defendant's attorney, Howard Slavin, stated he had not made the computations, but had "no reason to dispute" Attorney Grasse's computations. Attorney Slavin did not have the entire case file with him, in that he expected plaintiff's motion to be granted. He recalled the judge reminding Attorney Grasse that it was her responsibility to keep track of pertinent dates. Following the above colloquy, the court assigned a trial date of August 9, 1982, scheduling a mandatory settlement conference for July 14, 1982.

██ ██ ██ ██  On the date of the mandatory settlement conference, defendant moved to dismiss the matter pursuant to Code of Civil Procedure section 583, subdivision (b) on the ground that the five-year limitation period expired on June 8, 1982, in that the matter was not ordered to arbitration until February 23, 1982.[1]

CONTENTIONS

I

Plaintiff contends the trial court abused its discretion in dismissing the instant action, in that plaintiff demonstrated due diligence in attempting to bring the matter to trial, but was prevented from doing so by circumstances beyond her control.

II

Plaintiff further contends the trial court's dismissal is an abuse of discretion for the additional reason that further efforts to bring the matter to trial

---

[1]Defendant was mistaken; the submission of a matter to arbitration within six months of the five-year limitation period's expiration tolls the statute until the filing of an arbitration award, which occurred on March 22, 1982. (Code Civ. Proc., § 1141.17.) Accordingly, the statutory period expired on May 23, 1982.

within the statutory period would have been impossible, impracticable or futile.

## III

Finally, plaintiff avers that it was an abuse of discretion for the trial court to ignore obvious evidence of representations and conduct on the part of defense counsel which invoked the doctrine of estoppel.

### DISCUSSION

Code of Civil Procedure section 583, subdivision (b) specifies that "[a]ny action . . . shall be dismissed by the court . . . on motion of the defendant, after due notice to plaintiff, or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action; except where the parties have filed a stipulation in writing that the time may be extended." Although subdivision (b) of section 583 uses mandatory language, the courts have established by decision certain implied exceptions where compliance with the statute is impossible, impracticable or futile due to circumstances beyond the plaintiff's control. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 719 [170 Cal.Rptr. 790, 621 P.2d 829]; *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].)

■ The cornerstone of the implied judicial exceptions to the mandatory operation of the dismissal statutes is the hindrance of all reasonable diligence on plaintiff's part. (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, 720.) Hence, a plaintiff *must* be able to demonstrate diligence in pursuit of his duty to expedite the resolution of his case at all stages of the proceedings, to invoke the implied exceptions. Central to a plaintiff's general duty is the specific duty "to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period." (*Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].)

## I

■ Plaintiff contends the trial court abused its discretion in dismissing the action in that there was no way for Attorney Grasse reasonably to have discovered that the case was not assigned to arbitration at the arbitration conference held on September 25, 1981, but rather, was so assigned at the mandatory settlement conference of February 23, 1982; therefore, plaintiff demonstrated due diligence. Plaintiff reaches this conclusion from the fact notice was waived at both proceedings, as a consequence of which no doc-

umentary reference to the court's actions appeared in plaintiff's case file. We disagree.

While it well may have been difficult for Attorney Grasse to make this determination in the preparation of the motion to advance the matter for trial, it was not impossible; Attorney Buckley had been present at both proceedings and apparently had a continuing awareness of the pertinent dates. The instant matter readily demonstrates the perils of waiving notice of the court's actions on various occasions without maintaining the habit of making notes to the file memorializing those actions. This is not the sort of diligence in keeping track of dates crucial to the maintenance of the action which is contemplated by *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714.

█ In a law firm of several attorneys, more than one of whom deals with a particular matter, the relationship is one of agency. (*Pollack* v. *Lytle* (1981) 120 Cal.App.3d 931, 940 [175 Cal.Rptr. 81].) Accordingly, the omissions of one will be imputed to the other. (*Id.,* at p. 943.) In order to avoid the imputation to the plaintiff of counsel's neglect, the attorney's mistake or neglect must be excusable. (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 809 [137 Cal.Rptr. 434].) █ The neglect apparent in plaintiff's attorneys failing to memorialize sufficiently pertinent actions of the court cannot be characterized as excusable and hence will not in itself suffice to avoid the operation of Code of Civil Procedure section 583.

## II

█ Plaintiff further contends the dismissal was an abuse of discretion for the additional reason that further attempts to bring the matter to trial would have been impossible, impracticable or futile. In so arguing, plaintiff points to the 46 days remaining in which to bring the matter to trial after the filing of the arbitration award and the 31 days remaining after her request for a trial de novo; she asserts the notice requirements for motions and for trial therefore made it impossible to proceed to trial within the required time. Again, we disagree.

First, plaintiff had an affirmative duty to bend every reasonable effort to bring the matter to trial within five years. (Cf. *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, 720; *Singelyn* v. *Superior Court, supra,* 62 Cal.App.3d 972.) With only forty-six days remaining from plaintiff's receipt of notice of the arbitration award to expiration of the five-year period, reasonable diligence required something other than the slow and deliberate pace which plaintiff displayed in consuming three-fourths the time permitted for requesting a trial de novo. (See Cal. Rules of Court, rule 1616(a).)

More importantly, plaintiff possessed the means by which to bring the matter to trial within five years, notwithstanding the requirement of 15 days notice of a motion to specially set the matter for trial (Code Civ. Proc., § 1005) and 15 days notice of trial (Code Civ. Proc., § 594). Plaintiff reasonably could have expected to receive an ex parte order shortening the time in which notice must be given. (Code Civ. Proc., § 1005; cf. *Moore* v. *El Camino Hosp. Dist.* (1978) 78 Cal.App.3d 661, 664 [144 Cal.Rptr. 314].)

In *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650], this division rejected a claim of impracticability where the plaintiff took no action to proceed to trial during six and one-half months after arbitration concluded. In holding that failure to attempt to have the matter specially set for trial was unreasonable, this court noted that periods of 28 days and 46 days have been held sufficient to permit trial. (*Id.,* at p. 650, citing *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361] and *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068 [115 Cal.Rptr. 666], respectively.) The 46 days remaining in the instant matter come within the judicial concept of sufficient time to permit trial upon a request to specially set, inasmuch as plaintiff possessed the means to have such a request heard promptly.

██ The question of whether the plaintiff had a reasonable opportunity to bring a case to trial within the time prescribed by law is a factual one and lies within the sound discretion of the trial court; the determination thereof will not be disturbed on appeal unless it appears to exceed the bounds of reason. (*Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 404 [153 Cal.Rptr. 912]; *Wurnitsch* v. *Nordvik* (1971) 14 Cal.App.3d 679, 685 [92 Cal.Rptr. 518].) ██ Given judicial interpretation of a sufficient time in which to permit trial, we find no abuse of discretion in the trial court's determination on this issue.

## III

██ Finally, plaintiff avers that it was an abuse of discretion for the trial court to ignore obvious evidence of representations and conduct on the part of defense counsel which invoked the doctrine of estoppel. We agree.

*Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276 [175 Cal.Rptr. 150] held the doctrine of equitable estoppel fully applicable to Code of Civil Procedure section 583, subdivision (b) dismissal motions. The court noted: "Our holding gives full flower to the 'duty of the trial court to examine *all the acts and conduct* of the parties, and render a discretionary decision with a view of furthering the ends of justice.' (*Tresway Aero, Inc.* v. *Superior*

*Court, supra,* [1971] 5 Cal.3d 431, 440 [96 Cal.Rptr. 571, 487 P.2d 1211].) If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception. By following the rule of *Tresway,* we move away from the rigid application of a few limited exceptions to section 583, subdivision (b), and rather adopt a rule that permits substantial justice to triumph over form." (121 Cal.App.3d 276, 281.)

█ In order to invoke the doctrine of equitable estoppel, "'(1) [t]he party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury . . . .'" (*Evans* v. *City of Los Angeles* (1983) 145 Cal.App.3d 142, 148 [193 Cal.Rptr. 282]); quoting from *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) █ It is obvious from uncontradicted evidence and the pleadings before the lower court that defense Attorney Slavin must be charged with the knowledge that the instant matter was referred to arbitration at the February 1982 mandatory settlement conference rather than the September 1981 arbitration conference, in that he had been present at both the arbitration and the mandatory settlement conferences. Moreover, he is charged with knowledge that plaintiff's Attorney Grasse was unaware of the true facts; presumably, he had read the declaration in support of the motion to advance, setting forth the basis for plaintiff's calculation of the five-year period and the period of tolling due to arbitration. It is equally apparent that Attorney Grasse relied on Attorney Slavin's representations to the court as obviating any further inquiry on her part as well as any danger that the five-year period would expire before the date set for trial. The sole remaining question is whether Attorney Slavin acted in such a manner that plaintiff, through Attorney Grasse, had a right to believe Attorney Slavin intended his representations to be acted upon.

An attorney is an officer of the court; accordingly, he is under a duty "[t]o employ, for the purpose of maintaining the causes confided to him such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." (Bus. & Prof. Code, § 6068, subd. (d).) The concealment of material information within the attorney's knowledge as effectively misleads a judge as does an overtly false statement. (*Grove* v. *State Bar* (1965) 63 Cal.2d 312, 315 [46 Cal.Rptr. 513, 405 P.2d 553].) Therefore, when the court below inquired whether Attorney Slavin agreed with Attorney Grasse's calculations, Attorney Slavin was under a duty to inform the court of all facts

material to that inquiry. Inasmuch as Attorney Slavin responded under the compulsion of a legal duty owed to the court, plaintiff, through Attorney Grasse, was entitled to believe he intended his representations to be relied upon.

Attorney Slavin replied to the lower court's query that he had not made the five-year and tolling calculations, but that he had "no reason to dispute" Attorney Grasse's calculations. At best, this response negligently withheld from the court the vital information that the matter had been ordered to arbitration on a date substantially later than that relied upon by Attorney Grasse; at worst, the response was an overtly false statement, for Attorney Slavin *did* have, or should have known he had reason to dispute the *basis* for the calculations. In either event, Attorney Slavin's response had the effect of practicing a deception upon the court and Attorney Grasse, in breach of his duty. To allow defendant to profit from this breach at plaintiff's expense by successfully invoking the five-year limitation imposed in section 583, subdivision (b) is to subvert the concept of substantial justice.  While the determination of whether a defendant's conduct is such as to invoke the doctrine of equitable estoppel is a factual question confided to the discretion of the trial court (see *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 440 [96 Cal.Rptr. 571, 487 P.2d 1211]), the court is not free to ignore obvious and uncontradicted facts before it susceptible of only one reasonable interpretation. Unfortunately, the trial court acted in this prohibited manner, thereby exhibiting a manifest abuse of discretion. (*In re Marriage of Connelly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].)

The order is reversed.

Dalsimer, J., and Gutierrez, J.,* concurred.

A petition for a rehearing was denied February 2, 1984.

---

*Assigned by the Chairperson of the Judicial Council.