[No. B001298. Second Dist., Div. Seven. Sept. 28, 1984.]

ROSE CAMPANELLA et al., Plaintiffs and Appellants, v.
HIROU TAKAOKA et al., Defendants and Respondents.

**COUNSEL**

Binder & Cacciatore, Barry R. Binder and Thomas P. Cacciatore for Plaintiffs and Appellants.

Stockdale, Peckham & Werner and Paul F. Sowa for Defendants and Respondents.

**OPINION**

THOMPSON, J.—■■ ■■ ■-■ Plaintiffs Rose Campanella and Maria Reid Campanella appeal from a judgment (order) of dismissal entered pursuant to Code of Civil Procedure[1] section 583, subdivision (b), in favor of

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

defendants on the ground that plaintiffs failed to bring the case to trial within five years from the date of the filing of the complaint.[2]

In this appeal we are called upon to determine whether the trial court properly granted the motion to dismiss (§ 583, subd. (b)), following its denial of the plaintiffs' motion to specially set the case for trial and its denial of the motion of each named defendant to dismiss pursuant to section 583, subdivision (a). For reasons to follow, we have concluded that the trial court erred in granting the motion.

### Facts

On January 23, 1978, plaintiffs filed a complaint seeking damages against defendants Hirou Takaoka (Takaoka) and Norio Utsunomiya (Utsunomiya) for personal injuries, wrongful death and property damages.

On February 23, 1979, plaintiffs served Takaoka with a copy of the complaint and, thereafter, on February 27, 1979, served Utsunomiya. More than a year later, Utsunomiya answered the complaint on March 21, 1980, and Takaoka answered the complaint on April 1, 1980.

Thereafter, the only discovery undertaken in the case was by plaintiffs, who served Utsunomiya with a set of interrogatories and request for admissions on February 10, 1981, and who, on May 27, 1982, took the deposition of an independent witness to the accident.

On December 21, 1982, plaintiffs filed an At-Issue Memorandum, in which no pretrial conference was requested. Thereafter, on December 27, 1982, Takaoka also filed a "Counter" At-Issue Memorandum, in which no pretrial conference was requested.

Having decided to seek an early trial date, plaintiffs, on December 27, 1982, applied to the trial court for an ex parte order shortening the time to five days before the hearing for service on defendants of their motion to specially set the case for trial. In their application, plaintiffs informed the trial court inter alia that the five-year statute would run in the case on

---

[2]In addition to appealing from the judgment (order) of dismissal, plaintiffs also appeal from the order denying their motion to specially set the case for trial. While not appealable, such order is reviewable upon an appeal from a judgment of dismissal. (*Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068, 1069 [115 Cal.Rptr. 666].) We therefore shall review such order on the appeal from the judgment of dismissal and dismiss the attempted appeal from the order itself. (*Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 825, fn. 1 [69 Cal.Rptr. 321, 442 P.2d 377].)

January 23, 1983,[3] and without such an order, plaintiffs' motion would be heard only two weeks prior to its running. Takaoka filed written opposition to plaintiffs' application, asserting that plaintiffs had failed to show good cause pursuant to section 1005 for a shortening of time. The trial court denied plaintiffs' application for an order shortening time.

On December 30, 1982, plaintiffs filed their motion to specially set the case for trial. The hearing on the motion was set for January 14, 1983, which was the next available court date to hear the motion following the denial of their application to shorten time. In support of the motion, plaintiffs' counsel alleged inter alia that on December 16, 1982, his statute card system indicated that the five-year statute (§ 583, subd. (b)) would run on the case on January 23, 1983. Thereafter, when he checked the file, it was discovered that an At-Issue Memorandum was started but not completed, which he alleged was due to inadvertence between him and his secretary handling the file. Both Takaoka and Utsunomiya filed written opposition to plaintiffs' motion, in which they made general allegations of prejudice due to plaintiffs' delay. Each of them also filed a motion to dismiss pursuant to section 583, subdivision (a). On January 14, 1983, the trial court denied plaintiffs' motion to specially set the case for trial. The trial court also denied the motion of each defendant to dismiss.

On February 4, 1983, Takaoka filed a motion to dismiss pursuant to section 583, subdivision (b). Thereafter, on February 6, 1983, Utsunomiya filed a similar motion. On March 11, 1983, the trial court granted each motion to dismiss and entered an order of dismissal from which this appeal followed.

## Discussion

Plaintiffs contend the dismissal was an abuse of discretion because their attempt to bring the matter to trial before the expiration of the five-year statutory period was rendered impossible, impracticable or futile by the trial court's denial of their motion to specially set their case for trial.

Section 583, subdivision (b), provides that a civil case "shall be dismissed" on the motion of the defendant or the court if it is not brought to trial within five years after the action is filed, except where the parties have filed a stipulation in writing that the time may be extended. Notwithstanding its mandatory language, decisional law has established certain implied exceptions where compliance with the statute is impossible, impracticable or

---

[3]Since January 23, 1983, fell on Sunday, the five-year statute (Code Civ. Proc., § 583, subd. (b)) would run on January 24, 1983 (see Code Civ. Proc., § 13).

futile. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-239 [197 Cal.Rptr. 546, 673 P.2d 216].)

"What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Id.*, at p. 238; see e.g., *Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105-107 [191 Cal.Rptr. 549].)

■■■ In exercising reasonable diligence, a plaintiff has an affirmative duty to make every reasonable effort to bring his or her case to trial within five years, even during the last month of its statutory life. (*Griffis* v. *S. S. Kresge Co.* (1984) 150 Cal.App.3d 491, 497 [197 Cal.Rptr. 771]; *Central Mutual Ins. Co.* v. *Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791, 795 [192 Cal.Rptr. 169]; *Fluor Drilling Service, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1009, 1012 [186 Cal.Rptr. 9]; *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643, 649 [159 Cal.Rptr. 650]; *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].) The law therefore provides a plaintiff with the following means to promptly perform this duty.

First, rule 375(b)[4] of the California Rules of Court allows a party to make a motion in the trial court to specially set a case for trial after notice to all other parties. For example, in *Elliano* v. *Assurance Co. of America* (1975) 45 Cal.App.3d 170, 174-177 [119 Cal.Rptr. 653], plaintiff was allowed to specially set a case for trial on the last day of its statutory life, even though the motion was filed three days before the running of the statute.

Second and more importantly, a plaintiff can *reasonably expect* to receive an ex parte order shortening the time in which notice must be given, notwithstanding the requirement of 15 days' notice of a motion to obtain an early trial date under section 1005. (See, e.g., *Moore* v. *El Camino Hosp. Dist.* (1978) 78 Cal.App.3d 661, 664 [144 Cal.Rptr. 314]; see also *Griffis* v. *S. S. Kresge Co., supra,* 150 Cal.App.3d at p. 498; *Elliano* v. *Assurance Co. of America, supra,* 45 Cal.App.3d at p. 173.) One significant qualification of this rule is the trial notice requirement of section 594, subdivision (a). That statute provides that an issue of fact may not be tried in the absence of an adverse party, unless it is shown to the satisfaction of the court that the adverse party had 15 days' notice of the date set for trial. (*Irvine Na-*

---

[4]Rule 375(b) became effective on January 1, 1984, and replaced rule 225, which was repealed.

*tional Bank* v. *Han* (1982) 130 Cal.App.3d 693, 697 [181 Cal.Rptr. 864].) Moreover, compliance with section 594 is mandatory and jurisdictional. (*Ibid.; Bird* v. *McGuire* (1963) 216 Cal.App.2d 702, 713 [31 Cal.Rptr. 386].) Furthermore, a court may not shorten the length of time prescribed by such notice, though the period may be shortened by waiver, or by the consent of the parties. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, §§ 50, 51, pp. 2889-2891; 59 Cal.Jur.3d Trial, § 12, p. 469.)

Here, the record shows that, despite such reasonable expectation, the trial court denied plaintiffs' application for an order shortening the time to hear plaintiffs' motion for an early trial date. In fact, the motion was heard just 10 days before the running of the five-year statute. This situation made compliance with the 15 days' trial notice requirement impossible for plaintiffs. Compliance therefore depended upon the conduct of defendants in either creating a waiver to such notice or an excuse for noncompliance. (See, e.g., *Elliano* v. *Assurance Co. of America, supra,* 45 Cal.App.3d at p. 175.)

Takaoka[5] argues that the trial court properly granted the motion to dismiss, following its denial of plaintiffs' motion to specially set the case for trial. In so arguing, Takaoka points to the 29 days remaining in which to bring the case to trial when plaintiffs applied for an ex parte order to shorten time as being unreasonably short, especially since no pretrial conference had been conducted.

Contrary to the argument of Takaoka, we find that, had the trial court granted plaintiffs' application for an order shortening time, the period of 29 days prior to the expiration of the five-year statute would have allowed sufficient time to permit trial.

For example, in *Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 807-808 [69 Cal.Rptr. 305, 442 P.2d 361], our Supreme Court stated that 28 days was a reasonable time within which to set a matter for trial and that a refusal to set for trial within such a period constituted an abuse of discretion as a matter of law.

Similarly, in *Vogelsang* v. *Owl Trucking Co., supra,* 40 Cal.App.3d 1068, Division Two of this District, in applying *Weeks*, held that "a refusal to set when there remained some 46 days before the expiration of the limitation period was a similar abuse of discretion." In connection with the question of what would constitute a reasonable time for pretrial and trial, the *Vogelsang* court stated: "In the case at bar no pretrial conference had

---

[5]Utsunomiya did not file a respondent's brief.

been conducted and defendant urges that this factor made the 46 days an unreasonably short period of time for setting. However, no pretrial conference had been requested or ordered.

"Rule 206(c) of the California Rules of Court provides 'If a pretrial conference is not requested [in the "at-issue memorandum"], it may thereafter be requested by either party and such request shall be granted unless to do so will in the opinion of the court *unreasonably interfere with bringing the case to trial* or will otherwise result in unfair advantage to any party.' [Italics in original.]

"Since defendant has not heretofore made such a request, the court could, in its discretion, deny such request at this late date." (*Id.*, at p. 1071.)

More recently, in *Griffis* v. *S. S. Kresge Co.*, *supra*, 150 Cal.App.3d 491, Division One of this District, in addressing the plaintiff's affirmative duty to use every reasonable effort to bring a matter to trial within five years, stated: "The 46 days remaining in the instant matter come within the judicial concept of sufficient time to permit trial upon a request to specially set, inasmuch as plaintiff possessed the means to have such a request heard promptly." (*Id.*, at p. 498; see also *Westinghouse Electric Corp.* v. *Superior Court*, *supra*, 143 Cal.App.3d at p. 107.)

We are mindful that a motion to specially set in order to avoid the impact of the five-year statute has "traditionally invited an inquiry into the same factors which are relevant to a motion to dismiss under section 583, subdivision (a). [Fn. omitted.]" (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560-561 [194 Cal.Rptr. 773, 669 P.2d 9].) Thus, the "preferred procedure would be to grant preferential [trial] dates expressly without prejudice to a [discretionary] motion to dismiss." (*Weeks* v. *Roberts*, *supra*, 68 Cal.2d at p. 808; *Vogelsang* v. *Owl Trucking Co.*, *supra*, 40 Cal.App.3d at p. 1072.)

■ In an instructive tone to the trial court, our Supreme Court in *Weeks* held that where a plaintiff moves to specially set a case for trial in order to avoid dismissal under the five-year statute, "a trial court should not confuse and discredit the law by refusing to set a cause within the five-year period because it believes that a discretionary dismissal is warranted." (68 Cal.2d at p. 806.) Rather, "[i]f a court feels impelled to dismiss an action less than five years after its filing for want of prosecution, it should do so and accept review on that basis." (*Id.*, at p. 807; see, e.g., *Wilson* v. *Sunshine Meat & Liquor Co.*, *supra*, 34 Cal.3d at p. 557; *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 416-419 [134 Cal.Rptr. 402, 556 P.2d 764].)

In law, as in architecture, form should follow function. We believe therefore that in following the dictates of *Weeks,* a trial court employs a more just and flexible rather than a rigid or formalistic approach to decision making for several reasons.

■ Under section 583, subdivision (a), the trial court must consider a myriad of facts (see Cal. Rules of Court, rule 373(e),[6] formerly rule 203.5(e)) not limited to the reasonableness of the plaintiff's conduct before exercising its discretionary power to dismiss. The burden is on the defendant to show that dismissal is warranted. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 723, fn. 7 [170 Cal.Rptr. 790, 621 P.2d 829]; see also *Visco* v. *Abatti* (1983) 144 Cal.App.3d 904, 907-909 [192 Cal.Rptr. 833]; *Tannatt* v. *Joblin* (1982) 130 Cal.App.3d 1063, 1068 [182 Cal.Rptr. 112].) More importantly, in operating under the canopy of section 583, subdivision (a), the trial court is required to consider whether the interests of justice are best served by dismissal, trial of the case or imposing conditions on its dismissal or trial. (See *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 407-408 [153 Cal.Rptr. 912].) ■ In contrast, however, under section 583, subdivision (b), "[t]he burden is on plaintiffs to first establish in the trial court, by clear and convincing proof, the existence of either impossibility, impracticability or futility of bringing the matter to trial within five years. Absent such a showing, the five-year statute applies without any further consideration or determination of prejudice." (*Central Mutual Ins. Co.* v. *Executive Motor Home Sales, Inc., supra,* 143 Cal.App.3d at p. 796.)

We therefore conclude that a trial court cannot refuse to grant a plaintiff's motion for an early trial setting, even if the plaintiff has been guilty of unreasonable delay. (*Weeks* v. *Roberts, supra,* 68 Cal.2d 802.) In the latter situation, the trial court can dismiss *sua sponte* under the discretionary provision of section 583. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 557.)

---

[6]California Rules of Court, rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

In support of his argument, Takaoka cites *Karubian v. Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134 [199 Cal.Rptr. 295]. In *Karubian,* the trial court denied plaintiffs' motion for an early trial setting, even though the motion was noticed 40 days prior to the expiration of the 5-year period. On appeal from the subsequent judgment of dismissal pursuant to section 583, subdivision (b), the appellate court held the trial court did not abuse its discretion in denying the motion for an early trial setting. (152 Cal.App.3d at p. 140.)

We believe that the position of *Karubian* is neither persuasive nor based on sound reasoning. First, the *Karubian* court found that the trial court did not abuse its discretion in denying a motion to specially set a matter for trial, even though the motion was noticed 40 days prior to the expiration of the 5-year statute. (152 Cal.App.3d at p. 140.) Second, the *Karubian* court's reliance on *General Ins. Co. v. Superior Court* (1966) 245 Cal.App.2d 366 [53 Cal.Rptr. 777], to support its finding of no abuse is clearly misplaced. Our Supreme Court in *Weeks v. Roberts, supra,* 68 Cal.2d 802, has limited the application of *General Ins. Co.* to matters where pretrial proceedings are required and have not been held and the period prior to the expiration of the five-year statute is less than twenty-eight days. (*Id.,* at p. 808.) Moreover, had review in *Karubian* been on the basis of a discretionary dismissal as dictated by *Weeks,* the more compelling policy favoring resolution on the merits might have prevailed, since plaintiff made *some* showing of excusable delay. (*Wilson v. Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at pp. 562-563; *City of Los Angeles v. Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 561 [133 Cal.Rptr. 212]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) Finally, the *Karubian* court did not address nor answer the question of whether the dismissal there was premature in light of *Moran v. Superior Court, supra,* 35 Cal.3d 229, since it is arguable that the five-year period should have been tolled from the time the court admittedly failed to perform its duty (see Cal. Rules of Court, rule 221(e)) until plaintiff could no longer be considered "diligent."

■ Based on the record in the instant case, we conclude that plaintiffs had shown good cause as required by section 1005 to obtain an order shortening time to hear their motion for an early trial date. Thus, the denial of their application constituted an abuse of discretion by exceeding the bounds of reason.

We further conclude that because plaintiffs were prevented from bringing the action to trial after December 27, 1982, the statute has been tolled until the remittitur is filed. (*Weeks v. Roberts, supra,* 68 Cal.2d at pp. 808-809.)

Upon the filing of the remittitur there will be 28 days in which to commence trial.

Although the record shows that the trial court denied the motion of each defendant to dismiss pursuant to section 583, subdivision (a), the basis of such denial could have been the failure of each defendant to follow the notice procedure prescribed in rule 203.5(a). (presently rule 373(a)), California Rules of Court, which requires at least 45 days' notice. Nor did they comply with the 15 days' notice requirement of section 1005. The record does not reflect that either defendant obtained an order shortening the prescribed time requirement. (See e.g., Code Civ. Proc., § 1005; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701 [102 Cal.Rptr. 190].)

Accordingly, the judgment is reversed with directions to set the case for trial to commence within 28 days without prejudice to a motion to dismiss under the discretionary provisions of section 583.

Lillie, P. J., and Johnson, J., concurred.