[No. E000667. Fourth Dist., Div. Two. Sept. 5, 1985.]

DOUGLAS HOFFMAN, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

1102

## COUNSEL

Popkin, Shamir & Golan, Schell & Delamer, Fred B. Belanger and Candace E. Kallberg for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Senior Assistant Attorney General, Jeffrey T. Miller, Randall B. Christison and Kristin G. Hogue, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**DAVIS, J.***—This is an appeal from a judgment dismissing plaintiff's action for failure to bring it to trial within five years under the provisions of former Code of Civil Procedure section 583, subdivision (b).[1]

---

*Assigned by the Chairperson of the Judicial Council.

[1]Former Code of Civil Procedure section 583 was repealed by Statutes 1984, chapter 1705, section 4. The substance of its provisions was contained in new Code of Civil Procedure sections 583.110 et seq., enacted by Statutes 1984, chapter 1705, section 5, effective Jan. 1, 1985. At the time of the judgment of dismissal herein, former section 583 was in effect and is the section applicable to this case.

## FACTS

The chronology of significant events in this case begins on August 8, 1978, when plaintiff filed his complaint for personal injuries.

On December 26, 1979, he filed an at-issue memorandum. Thereafter one defendant was dismissed from the action by summary judgment/motion on the pleadings.

On March 11, 1983, having received no response to his at-issue memorandum, plaintiff filed a motion to advance and specially set the case for trial which was granted and a mandatory settlement conference was set for July 15, 1983, with trial set for July 25, 1983.

At the mandatory settlement conference on July 15, 1983, both attorneys were jointly informed by a clerk of the court that no courtrooms would be available on the trial date, July 25, 1983, and that the matter would trail on the calendar to await an open courtroom. Plaintiff in his brief alleges that the clerk further advised both sides that the Riverside Superior Court " ‘. . . had abrogated the five-year statute for May and June, and those cases would not be tried until sometime in September or October, and that we would come thereafter, which would be September, late October or November—’ [Citation.]" Although defendant does not directly disagree with the latter assertion, the record on appeal in this and other significant events is silent.

Upon learning the condition of the calendar, both attorneys agreed not to appear, but left their business cards with the clerk who would presumably call them when a courtroom became available. Plaintiff insists that this arrangement was the suggestion of defendants' attorney. This is denied by the attorney. Once again, since the arrangement was "off the record," the appeal record is silent.

On July 25, 1983, the date set for trial, the bailiff of the court called plaintiff's counsel to inquire as to why no one appeared. The attorney informed the bailiff of the agreement not to appear. The bailiff stated he would tell the judge. Notably, the record on appeal is silent as to what occurred in court on this date. We do not know whether the court involved was a trial court or a master calendar court; nor do we know what occurred when the judge called the case, or the condition of the court's calendar at the time. It later came to light that the case was taken off calendar for some unknown reason.

On August 15, 1983, (the five-year period expired on Aug. 8, 1983) when counsel for defendants telephoned the court to check on the status of the

case they were advised that it had been taken off calendar. That same day defense counsel advised plaintiff's attorney of this fact by letter and, in the same correspondence, served plaintiff with a motion concerning the use of expert witnesses. On September 13, 1983, defendants' motion regarding expert witnesses was heard and denied. The same day, after that hearing plaintiff's counsel, for the first time, addressed himself to the fact that the case was off calendar by going to the courtroom of Judge Garst who ordered the matter back on the civil active list with a new trial date of January 9, 1984. There is nothing in the record to tell what effort was made in this regard or what findings the court made, if any, as to how the case became "off calendar."

On November 21, 1983, defendants' motion to dismiss was heard and thereafter granted on November 23, 1983. This appeal is from the judgment thereon filed December 12, 1983.

### Standard for Appellate Review

Did the trial court abuse its discretion by dismissing the action? No.

In evaluating the trial court's action, we must be mindful of the standard for appellate review in such matters. This court announced that standard in the case of *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383 [153 Cal.Rptr. 912], and stated: "While it is true that an order granting a motion to dismiss for dilatory prosecution will be more closely scrutinized on review than one denying the motion (*City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d [543] at p. 561 [133 Cal.Rptr. 212]; *Daley* v. *County of Butte, supra,* 227 Cal.App.2d [380] at pp. 389-390 [38 Cal.Rptr. 693]), nevertheless the trial court exercises a wide discretion in ruling on a motion to dismiss under Code of Civil Procedure section 583, subdivision (a) and its determination will be reversed only upon a showing of manifest abuse of discretion resulting in a miscarriage of justice. (*Sanborn* v. *Chronicle Pub. Co., supra,* 18 Cal.3d [406] at pp. 416-417 [134 Cal.Rptr. 402, 556 P.2d 764]; *Denham* v. *Superior Court, supra,* 2 Cal.3d [557] at pp. 563-564 [86 Cal.Rptr. 65, 468 P.2d 193]; *Price* v. *Grayson, supra,* 276 Cal.App.2d [50] at p. 53 [80 Cal.Rptr. 602]; *Sprajc* v. *Scandinavian Airlines System, Inc., supra,* 240 Cal.App.2d [935] at p. 937 [50 Cal.Rptr. 181].) The discretion to be exercised is that of the trial court, not that of the appellate court. (*Knight* v. *Pacific Gas & Elec. Co., supra,* 178 Cal.App.2d [923] at p. 929 [3 Cal.Rptr. 600]; *Gunner* v. *Van Ness Garage, supra,* 150 Cal.App.2d [345] at p. 347 [310 P.2d 32].) Discretion is abused only when the court exceeds the bounds of reason, all of the circumstances before it being considered. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at

p. 566; *City of Los Angeles* v. *Gleneagle Dev. Co.*, *supra*, 62 Cal.App.3d at pp. 560-561; *Knight* v. *Pacific Gas & Elec. Co.*, *supra*, 178 Cal.App.2d at p. 929.)" (*Id.*, at p. 404.)

 " '. . . The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown . . . a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

### DUE DILIGENCE

Considering an analysis of the case with these principles in mind, we begin with a brief review of former section 583, subdivision (b) of the Code of Civil Procedure. It provided as follows: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

 Despite the apparent mandatory language of this section, implied exceptions to the rule have been recognized where, for all practical purposes, going to trial would be impossible, impracticable or futile. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216].)

What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case. (*Moran* v. *Superior Court*, *supra*, 35 Cal.3d at p. 238.)

 Evaluating the facts of this case by the "reasonable diligence" standard delineated above, plaintiff has failed to meet the burden of showing that the trial court abused its discretion.

We note first that the close proximity of the trial date, July 25, 1983, to the expiration of the five-year period on August 8, 1983, charges plaintiff with constant vigilance to monitor the status of his case. Under such circumstances we question the practice of not appearing in court on the trial date. Any failure of communication inherent in such practice should be

avoided at all costs considering the deadline at hand. Be that as it may, when the bailiff called inquiring as to why neither party appeared, a clear alarm was sounded and should have been responded to by checking directly with the court as to the disposition of the case *that day*. This was not done until, ironically, the defendant's attorney called the matter to plaintiff's attention.

Even this did not arouse an immediate response from plaintiff's counsel. The initial effort to restore the case to the trial calendar was undertaken secondarily to being called from his office to court to respond to the noticed motion regarding experts on September 13, 1983. After that motion was heard and denied, plaintiff sought and acquired a January 9, 1984, trial date, without exerting any extra effort such as a request for special setting under the provisions of California Rules of Court, rule 225. Plaintiffs' position in this regard is that there is nothing in the record to support the conclusion that such an effort would have been successful. Nor is there anything indicating that it would not. Plaintiff's counsel accepted the January 9, 1984, trial date as ". . . seemly and not unreasonable." This is surprising in another sense. If, in fact, taking the case off calendar was a mistake (an assumption we have some doubt about) the trial court should have at least been presented with the opportunity to rectify the "mistake" and restore the case to its proper seniority among the "trailing" cases.

The "off calendar by mistake" theory appears to be predicated upon the court clerk's declaration that a court would not be available. Reliance on such an "off the record" statement in view of the bailiff's inquiry was an unwarranted risk in view of the time constraints involved here. Due diligence would require plaintiff to check with *the court* at the first indication of a problem. Certainly upon receiving actual notice from the defense attorney of the situation calls for more than waiting for the court hearing on experts to deal with the matter. Due diligence would, in our opinion, require plaintiff to check back with the court at the first indication of a problem.

Plaintiff disputes that he was indifferent to the case being taken off calendar. This claim is apparently predicated upon the assurance that the case would not commence trial until "late fall" anyway. It must be borne in mind that the clerk's projection was based upon the seniority established by the July 25 trial date. It did not account for the hiatus of 48 days while the case was off calendar. This loss of seniority was caused by lack of diligence on the part of plaintiff.

### ESTOPPEL

Plaintiff claims that defendants are estopped to assert the five-year statute (former Code Civ. Proc. § 583, subd. (b)). The specific conduct

referred to centers around the events at the mandatory settlement conference on July 15, 1983, when the court clerk announced that the case would have to trail rather than go to trial July 25, 1983.

It is alleged that "The fact that THE STATE proposed and agreed not to appear on July 25, 1983, and agreed that the case would have to trail until Fall, 1983, indicates a willingness to accept the fact that the case could not possibly get to trial within the five years and that a later date would be necessary." It is claimed that by so doing plaintiff was misled to believe that defendant was agreeing to a trial date beyond the five years and thereby lulled him into a false sense of confidence.

First, it is observed that who suggested the nonappearance is not contained in the record, nor do we think it makes a difference. There is no evidence or even a suggestion that defense counsel coerced or importuned plaintiff to so agree. It is reasonably to be expected that counsel will look out for their respective interests. Defendants' brief aptly answers the contention. ". . . appellant's allegation that this agreement not to appear 'indicates a willingness to accept the fact that the case could not possibly get to trial within the five years' is to set out no more than an acknowledgment on the part of the respondents that a case trailing at its five-year date due to court congestion will not be dismissed while trailing. (*Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72 [129 Cal.Rptr. 29], and *Bennett* v. *Bennett Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673 [178 Cal.Rptr. 633].)" To impute more to it than this is not justified by the record. We emphasize the fact that it was defendants' counsel who first learned that the case was removed from trailing status and immediately notified plaintiff in writing.

## PREJUDICE

■ Finally, plaintiff claims relief is warranted because there is no showing of prejudice to defendants. Unlike the discretionary dismissal provision of former Code of Civil Procedure section 583, subdivision (a) [two-year period for failure to prosecute] where the inquiry is whether the interest of justice is best served by dismissal, in cases under former Code of Civil Procedure section 583, subdivision (b), lack of prejudice to defendants is not the initially determined criterion. The burden is on plaintiff to first establish in the trial court, by clear and convincing proof, the existence of either impossibility, impracticability or futility of bringing the matter to trial within five years. Absent such a showing, the five-year statute applies without any further consideration or determination of prejudice. (*Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504, 513 [206 Cal.Rptr. 745]; *Central*

*Mutual Ins. Co.* v. *Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791, 796 [192 Cal.Rptr. 169].)

Plaintiff nevertheless insists that *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 564 [133 Cal.Rptr. 212], supports his claim. That case does question the validity of a "presumption of prejudice." However, it must be considered upon its own facts, the most important of which was the court's finding that the plaintiff in that case had made an adequate showing of due diligence. Furthermore, *Gleneagle* dealt with the discretionary two-year dismissal statute pursuant to former Code of Civil Procedure section 583, subdivision (a), under which plaintiff's burden is considerably lighter. (*Campanella* v. *Takaoka, supra,* 160 Cal.App.3d 504, 513.)

Even in cases under former section 583, subdivision (a), this court questioned the *Gleneagle* conclusion in regard to prejudice. "Although the court in the *Gleneagle* decision questioned the continued vitality of 'this "presumption of prejudice"' [citation] . . . we are persuaded that the notion that prejudice to the defendant inheres in protracted delay has a sound basis and merits continued recognition, . . . ." (*Lopez* v. *Larson, supra,* 91 Cal.App.3d at p. 402, fn. omitted.)

To require a showing of prejudice would render the precise five-year limitation of former Code of Civil Procedure section 583, subdivision (b), meaningless. A case might slumber for an indefinite period of time beyond five years until prejudice could be shown. We regard this as contrary to the legislative intent of the statute and it would undermine the sound policy consideration of jettisoning stale lawsuits. Moreover, such a construction would make the mandatory provisions of former section 583, subdivision (b) indistinguishable from the discretionary provisions of former section 583, subdivision (a).

We affirm the judgment.

Kaufman, Acting P. J., and McDaniel, J., concurred.