[No. B051727. Second Dist., Div. Four. Feb. 23, 1993.]

EDWARD J. GREENE, Plaintiff and Appellant, v.
HOWMEDICA, INC., Defendant and Respondent.

**COUNSEL**

Dennis Vincent Greene and Steven E. Formaker for Plaintiff and Appellant.

Federman, Gridley, Gradwohl & Flaherty, Bruce Gridley and Joyce Helock for Defendant and Respondent.

**OPINION**

**STEPHENS, J.\*—**

### STATEMENT OF THE CASE

On September 3, 1982, appellant Greene, having had a metal hipbone prosthesis surgically implanted, suffered its failure. Defects in design and

---

\*Retired Associate Justice of the Court of Appeal, Second District, Division Five, sitting under assignment by the Chairperson of the Judicial Council.

manufacture were allegedly the cause of the failure. Howmedica, Inc., was the alleged designer, manufacturer, distributor, and seller of the prosthesis. The customary allegations of pain, suffering, expenses and loss of earnings were alleged, all allegedly caused by the failure.

An attorney, Hammack, was employed by Greene on December 18, 1982, to prosecute the claim of Greene, and the complaint setting forth the above allegations was filed on August 30, 1983. Except for some preliminary law and motion matters and a demurrer, Hammack failed to prosecute the claim. He was incapacitated by alcohol and drug abuse. Following an extensive period of inactivity in the case, new counsel was associated on behalf of Greene and on June 23, 1988, a motion for preferential setting was made. At this time, some 48 days remained before the expiration of the 5-year statute. The motion was denied on July 13, 1988, and dismissal of the action followed. An appeal was successful in reinstating the case and ordering "the action is ordered set for trial." The remittitur issued on October 4, 1989, and was filed in the trial court on October 12, 1989.[1] On May 14, 1990, a motion to dismiss for failure to obtain a trial setting within six months after the filing of the remittitur was made and granted.

### ARGUMENT

■ Greene argues that there is no "six month" time limitation applicable in the instant case. He argues that the dismissal statute was tolled during the time the case was on appeal. To prevent an inordinate time between filing of an action and the obtaining of a trial setting where an appeal has intervened, Code of Civil Procedure section 583.350 provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

Appellant now argues that his five-year period within which to bring his case to trial had never run because of the tolling of the statute. He fails to consider that it was his motion for preferential trial setting (there being only

---

[1] Greene states in his opening brief: "Well before the issuance of the remittitur, however, the parties agreed to allow discovery to proceed informally."

some 48 days remaining in the 5-year period) that first brought the matter before the trial court and then the appellate court.[2]

When the reversal occurred and trial setting ordered, Code of Civil Procedure section 583.350 had been relied upon and the six-month provision contained in that section became operative, and appellant cannot, at this late date, change his theory.

Greene next argues that we imposed the duty for setting this case for trial on the trial court. He contends that the portion of the opinion which reads "[T]he judgment is reversed, and the action is ordered set for trial," places the burden of trial setting on the trial court. We disagree. Even if Greene believed this case would be set for trial automatically on the issuance of the remittitur, "there comes a time when plaintiff can no longer be considered 'diligent,' and entitled to claim impossibility, impracticability or futility in moving the case forward, without at least taking some action to call the matter to someone's attention." (*Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139 [199 Cal.Rptr. 295].) In *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504, 510 [206 Cal.Rptr. 745], the court held: "In exercising reasonable diligence, a plaintiff has an affirmative duty to make every reasonable effort to bring his or her case to trial within five years, even during the last month of its statutory life. [Citations.] The law therefore provides a plaintiff with the following means to promptly perform this duty. [¶] First, rule 375(b) of the California Rules of Court allows a party to make a motion in the trial court to specially set a case for trial after notice to all other parties." (Fn. omitted.) The duty to apply for a trial setting is imposed on the plaintiff who has the obligation to pursue the action within the applicable statutory time limits.

Greene's reliance on *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] is misplaced because, there, a specific statutory provision imposed the duty on the trial court to sua sponte recalendar the trial after timely request for trial de novo following a judicially mandated arbitration. Here, there is no statutory duty imposed on the trial court, and Greene failed to make any application for trial setting. It is the obligation of Greene and his counsel to "keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period. [Citation.]" (*Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].) This obligation remains the plaintiff's even after the matter has been remanded to the trial court with directions to set it for trial.

[2]The dismissal judgment cited Code of Civil Procedure section 583.410 (discretionary dismissal) as the basis of the ruling.

In focusing on the concluding provision of our prior opinion, Greene has not noted a footnote, which appears on the same page, emphasizing the importance of complying with Code of Civil Procedure section 583.330: "The parties could, if necessary, stipulate to an extension of the five-year period in order to allow discovery to go forward."

The trial court exercised its discretion in considering the reason for the delay beyond the six months' period from reversal to motion for trial setting. This is properly left for the trial court and absent an abuse of discretion, its order will not be disturbed. (*Mitchell* v. *Frank R. Howard Memorial Hospital* (1992) 6 Cal.App.4th 1396, 1402 [8 Cal.Rptr.2d 521].)

The judgment is affirmed.

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 1993.