[Civ. No. 47134. First Dist., Div. Two. July 2, 1981.]

GABY BORGLUND, Plaintiff and Appellant, v.
BOMBARDIER, LTD., et al., Defendants and Respondents.

COUNSEL

Thomas J. LoSavio, Jon T. Craig, Daniel U. Smith and Belli & Choulos, for Plaintiff and Appellant.

Dean E. Stenberg and Stenberg & McKenney, for Defendants and Respondents.

OPINION

SMITH, J.—This is an appeal by plaintiff and appellant from a judgment in favor of defendants and respondents after the trial court entered an order dismissing her action pursuant to Code of Civil Proce-

dure section 583, subdivision (b),[1] for appellant's want of prosecution in failing to bring the case to trial within five years. The trial court concluded it did not have discretion to consider principles of estoppel in ruling upon respondents' motion to dismiss.

Appellant Gaby Borglund, a Swedish citizen, brought this action for personal injuries suffered in a snowmobile accident which occurred in Sweden. In her complaint, which was filed on June 10, 1971, appellant alleged that respondents: (1) negligently instructed her regarding the operation of the snowmobile, (2) failed to warn her of known defects in the manufacture of the vehicle, (3) failed to obtain worker's compensation insurance, and (4) misled her into believing she would be compensated for injuries suffered.

On June 27, 1978, over seven years after the filing of the complaint, respondents noticed a motion to dismiss the action for appellant's failure to bring the case to trial within five years, pursuant to section 583, subdivision (b).

In his declaration in opposition to respondents' motion, appellant's attorney stated that prior to the running of the statutory period respondents' counsel stated that in his view section 583, subdivision (b) was not applicable to an out-of-country plaintiff. It was also alleged that respondents' counsel said that he would not seek a motion to dismiss if the case progressed beyond the five-year anniversary of the filing of the complaint. Finally, the declaration in opposition alleged numerous actions by respondents after the statutory period that evidenced an intention to proceed to trial in spite of the running of the five-year statute. Respondents' counsel denied making any representation that he would not assert the five-year statute.

At the hearing on respondents' motion, the court stated that it believed that section 583, subdivision (b) mandated dismissal unless it was impractical to bring the case to trial within five years, or unless the par-

---

[1] Code of Civil Procedure section 583, subdivision (b) states: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

All statutory references hereinafter are to the Code of Civil Procedure unless otherwise indicated.

ties had stipulated in writing or in court before a court reporter that the case would not be dismissed if not brought to trial within that time. The motion to dismiss was granted on October 3, 1978, the court finding that "there was no impossibility or impracticability of the case having been brought to trial within the statutory period."

The sole issue in this case is whether the trial court erred in failing to consider equitable estoppel as an implied exception to the five-year dismissal statute.

The Legislature in an effort to compel reasonable diligence in the prosecution of actions enacted a statutory scheme in which section 583, subdivision (b) mandates dismissal unless an action is brought to trial within five years after the filing of the complaint, and section 581a mandates dismissal unless the summons is served and returned within three years after the action is filed. Both of these sections are subject to the exception that the parties may file a written stipulation extending the limitations period.

The courts, despite the seemingly mandatory language of these sections, have recognized certain implied exceptions. Thus, dismissal has been held improper where compliance is impossible for jurisdictional or other reasons. (See, generally *Rose v. Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981]; *Christin v. Superior Court* (1937) 9 Cal.2d 526, 530 [71 P.2d 205, 112 A.L.R. 1153]; *Estate of Morrison* (1932) 125 Cal. App. 504 [14 P.2d 102]; *Kinard v. Jordan* (1917) 175 Cal. 13, 15-16 [164 P. 894].) The impossibility exception was later extended to cases in which compliance was either impracticable or futile. (See *Rose v. Knapp, supra*, 38 Cal.2d at p. 117; *City of Pasadena v. City of Alhambra* (1949) 33 Cal.2d 908, 916-917 [207 P.2d 17]; *Pacific Greyhound Lines v. Superior Court* (1946) 28 Cal.2d 61, 67 [168 P.2d 665]; *Christin v. Superior Court, supra*, 9 Cal.2d at p. 533.)

The issue here goes beyond either the statutory or heretofore judicially recognized exceptions to the mandate of section 583, subdivision (b): Can the words or conduct of a defendant inducing the plaintiff to delay bringing his case to trial act as an estoppel against assertion of the five-year dismissal statute?

Until recent years, the courts rejected the concept that unethical or unconscionable conduct could defeat the operation of either sections 583, subdivision (b) or 581a. (See 4 Witkin, Cal. Procedure (2d ed.

1971) Proceedings Without Trial, § 108, p. 2773.) In 1971, the Supreme Court of California, in *Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 439 [96 Cal.Rptr. 571, 487 P.2d 1211], clearly enunciated the rule that equitable estoppel is available to a plaintiff who has failed to comply with the requirements of section 581a in reasonable reliance upon the words or conduct of the defendant. The court held that, notwithstanding the fact that the service which had been made within the three-year statutory period was defective, defendant was estopped to assert the three-year statute by his request for, and plaintiff's agreement to, additional time to plead which led plaintiff to believe that further service, albeit curative and within the time for service, would be duplicatory. (*Id.* at pp. 441-442.)

Refusing to follow the limited and rigid approach to section 581a of the past, the court rejected the argument that estoppel should be limited to the facts of two prior cases: a misrepresentation to an unrepresented plaintiff (*Flamer v. Superior Court* (1968) 266 Cal.App.2d 907 [72 Cal.Rptr. 561]) and defendants' stipulation in open court to an extension beyond the statutory period (*Woley v. Turkus* (1958) 51 Cal.2d 402 [334 P.2d 12]). The court observed: "We perceive no logical reason why the doctrine of estoppel should be so restricted. Stipulations in open court are not the only words or conduct which reasonably and commonly induce reliance by counsel. When the defendant induces the plaintiff to delay service of summons, or to overlook errors in service, and plaintiff's reliance is reasonable, an estoppel is essential to prevent defendant from profiting from his deception. In such a case, any distinction between words spoken in open court or over the telephone, or between words spoken to an attorney or to a layman would be purely arbitrary." (*Id.* at pp. 439-440.)

Although we are not aware of any case which has clearly and unequivocally recognized equitable estoppel as an exception to section 583, subdivision (b), several cases have impliedly upheld this exception. The California Supreme Court, in *Woley v. Turkus, supra*, 51 Cal.2d at p. 409, reversed an order of dismissal brought under section 583, subdivision (b) based upon the impracticability exception but added that "the defendant's oral request for an extension of time, made in open court and granted . . . and his *conduct* after that date, operated as an estoppel against his contention to the contrary." (Italics added.) In *Wright v. Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 494-496 [24 Cal.Rptr. 80], the court examined the claim of estoppel, but upheld the trial judge's determination that there was no inducement by the de-

fendant or reliance by the plaintiff. (See also *Farrar, Herrick & Associates* v. *Safecare Co.* (1981) 115 Cal.App.3d 123, 131 [171 Cal.Rptr. 191] (hg. den. Mar. 18, 1981); *Mustalo* v. *Mustalo* (1974) 37 Cal.App.3d 580, 584-585 [112 Cal.Rptr. 594].)

In *Tresway*, the court observed that its prior decision in *Woley* had, at least in part, relied upon the defense of estoppel with regard to section 583, subdivision (b) and concluded: "[w]e perceive no reason why the logic of [*Woley* and other cases] does not apply with equal force to section 581a." (*Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d 431, 438.) Indeed, case law has consistently applied the same exceptions to both sections. (See *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489]; *Flamer* v. *Superior Court, supra*, 266 Cal.App.2d 907, 912-913; see also *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 719 [170 Cal.Rptr. 790, 621 P.2d 829].) Given the similarity in the language and purpose of these sections, we see no logical reason for making a distinction.

Respondents rely upon *Camille's Corp.* v. *Superior Court* (1969) 270 Cal.App.2d 625 [75 Cal.Rptr. 868] which refused to recognize estoppel as an implied exception to section 583, subdivision (b). However, the *Camille* case was decided prior to, and its reasoning was expressly rejected by, our Supreme Court's decision in *Tresway*.

■ We hold, consistent with *Tresway*, that the equitable doctrine of estoppel applies fully to motions brought under section 583, subdivision (b). Our holding gives full flower to the "duty of the trial court to examine *all the acts and conduct* of the parties, and render a discretionary decision with a view to furthering the ends of justice." (*Tresway Aero, Inc.* v. *Superior Court, supra*, 5 Cal.3d 431, 440.) If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception. By following the rule of *Tresway*, we move away from the rigid application of a few limited exceptions to section 583, subdivision (b), and rather adopt a rule that permits substantial justice to triumph over form.

In view of the conflict in the affidavits of counsel for appellant and respondents, we do not decide whether respondent's counsel made statements or engaged in conduct likely to induce appellant to permit the running of the five-year statute. Nor do we decide whether, assuming

such statements or conduct, appellant's reliance was reasonable. These are issues of fact for the trial court.

The judgment is reversed and the case is remanded for a new hearing on respondents' motion to dismiss in light of the principles expressed in this opinion.

Taylor, P. J., and Miller, J., concurred.