[No. A035102. First Dist., Div. Three. Dec. 15, 1987.]

MYRNA F. TEJADA, Plaintiff and Appellant, v.
EMILIA S. BLAS, Defendant and Respondent.

1336

**COUNSEL**

Robert E. Thompson for Plaintiff and Appellant.

Janet L. Dobrovolny for Defendant and Respondent.

**OPINION**

**MERRILL, J.**—Plaintiff Myrna F. Tejada, doing business as Phil-Am Films Exchange, appeals from an order dismissing her action for failure to bring it to trial within five years. (Code Civ. Proc,. §§ 583.310, 583.360.)[1] We affirm.

I

*Facts*

Plaintiff filed the complaint on November 10, 1980. The complaint named as defendants Emilia S. Blas, Cecilia D. Pennington, and G.S. Sikand among others.[2] Blas and Pennington filed an answer and a cross-complaint on February 17, 1981, and an amended cross-complaint on May 15, 1981. Plaintiff answered the amended cross-complaint on June 11, 1981. G.S. Sikand, the remaining defendant, answered the complaint on August 10, 1981.

Plaintiff filed an at-issue memorandum on November 18, 1982. On April 25, 1983, plaintiff noticed the taking of the depositions of the three defendants, including Blas, for June 1983. Defendant Blas, however, was a resident of the Philippines at the time of service of the notice, and was not required to attend the deposition absent court order. (§§ 1989, 2019, subd. (b)(2).) Plaintiff's counsel apparently did not seek such court order. Following the filing of a trial setting and arbitration conference statement, the matter was scheduled for arbitration on April 5, 1984, and then was rescheduled for May 29, 1984. Counsel for defendants Blas and Pennington then sought to withdraw as counsel of record for these defendants. Following additional delays caused by the illness of defendant Blas's attorney and then his withdrawal as counsel of record, the arbitration was continued to October 3, 1984. On that date, defendant Blas failed to appear at the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Prior to the date of hearing on the motion to dismiss the action, all defendants other than defendant Blas had been dismissed with prejudice.

arbitration hearing, and the arbitration was continued to November 27, 1984. Defendant Blas then retained new counsel who advised the arbitrator that her client was required to be in the Philippines for medical reasons in November and would not be available until January 1985. Plaintiff opposed a continuance. The arbitrator, in a letter dated October 30, 1984, addressed to both counsel, responded that "In the circumstances, I am quite prepared to grant a continuance although I realize that the plaintiff has had a difficult time through no fault of hers to have her day in Court." He further stated: "While it would be preferable to have Mrs. Blas present at the trial I suggest that we proceed in January." The arbitrator then rescheduled the arbitration for January 3, 1985, and stated that "she [Blas] will have to decide whether she wishes to return for the hearing."

On November 28, 1984, plaintiff first substituted herself in propria persona in place of her attorney of record and then substituted Robert Thompson as her attorney of record. On that date, for reasons not clear from the record, the action was removed from the arbitration hearing list and civil active list by court order. Between November 1984, when the matter was dropped from the arbitration hearing list, and November 10, 1985, the date of expiration of the five-year period, plaintiff's counsel did not file a new at-issue memorandum. Nor did he make a motion or take any other steps to advance the matter on the civil trial or arbitration calendar. He filed a new at-issue memorandum on December 23, 1985, after the five-year period had expired. Defendant Blas moved to dismiss pursuant to section 583.360. The court granted the motion.

## II

### Discussion

An action must be brought to trial within five years after commenced against the defendant. (§ 583.310.) If not brought to trial within five years, the action must be dismissed, subject only to extension, excuse, or exception provided by statute. (§ 583.360.) In computing the five-year period, the time during which bringing the action to trial was "impossible, impracticable, or futile" is excluded. (§ 583.340, subd. (c).)

■ Plaintiff contends that defendant Blas's failure to make herself available for deposition and her repeated requests for a continuance of the arbitration hearing, when plaintiff was prepared and desired to proceed with the hearing, made it impossible, impracticable and futile to bring the action to trial within the five-year period.

■ What is impossible, impracticable, or futile must be determined in light of all the circumstances in the individual case, including the acts and

conduct of the parties. The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised "reasonable diligence" in prosecuting his or her case. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216]; *Minkin* v. *Levander* (1986) 186 Cal.App.3d 64, 69 [230 Cal.Rptr. 592]; *Him* v. *Superior Court* (1986) 184 Cal.App.3d 35, 39 [228 Cal.Rptr. 839].) To establish reasonable diligence, the plaintiff must be able to demonstrate diligence in pursuit of his or her duty to expedite the resolution of the case at all stages of the proceedings. (*Minkin* v. *Levander, supra,* at p. 69; *Griffis* v. *S. S. Kresge Co.* (1984) 150 Cal.App.3d 491, 496 [197 Cal.Rptr. 771].) Central to this duty is the specific duty to use every reasonable effort to bring the matter to trial within the five-year period. (*Ibid.*)

 Here, the record does not establish that plaintiff exercised reasonable diligence in prosecuting her case at every stage of the proceedings, or that she used every reasonable effort to bring the matter to trial within the five-year period. It is undisputed that plaintiff was prepared to go forward with the arbitration hearing through November of 1984 and that the conduct of defendant Blas substantially impeded her efforts to proceed with arbitration through that period. However, the record establishes that plaintiff did not use reasonable efforts to bring the matter to trial during the following one-year period preceding the expiration of the five years. The arbitrator had set the matter for arbitration on January 3, 1985, and had made clear that the arbitration would go forward even if defendant Blas failed to appear. Prior to the date set for hearing the matter was dropped from the arbitration hearing list and the civil active list. Thereafter, her counsel failed to file a new at-issue memorandum and took no action whatsoever to advance the matter on the civil active list. A motion for preferential treatment on the arbitration or trial calendar would have been particularly appropriate in this case where plaintiff initially had been fully prepared to proceed with the arbitration and the continuances had been at the defendant's request, and the five-year deadline was approaching. (See *San Bernardino City Unified School Dist.* v. *Superior Court* (1987) 190 Cal.App.3d 233, 238 [235 Cal.Rptr. 356].) Plaintiff, however, made no motion to have the matter specially set for trial. Where a plaintiff possesses the means to bring a matter to trial before the expiration of the five-year period by filing a motion to specially set the matter for trial, plaintiff's failure to bring such motion will preclude a later claim of impossibility or impracticability. (*Griffis* v. *S. S. Kresge Co., supra,* 150 Cal.App.3d at p. 498; *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643, 649-650 [159 Cal.Rptr. 650].) Uncooperative conduct by a defendant does not justify inaction on the part of a plaintiff. There is an arsenal of weapons available to a plaintiff to insure that a defendant does not benefit from dilatory tactics. If necessary, a plaintiff must initiate these

procedures to make certain that the action proceeds in a timely manner or that appropriate sanctions are levied against the defendant, which under some circumstances may include striking the answer and entering defendant's default.

### III

Plaintiff next argues that because she relied to her detriment upon the repeated representations of Blas and her attorney that she would be returning from the Philippines and would eventually be available for her deposition and trial, defendant Blas was barred from seeking dismissal of the action under the doctrine of equitable estoppel.

The doctrine of equitable estoppel is applicable to section 583.310 dismissal motions. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 438 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Griffis* v. *S. S. Kresge Co., supra,* 150 Cal.App.3d at p. 498.) If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception. (*Griffis, supra,* at pp. 498-499; *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281 [175 Cal.Rptr. 150].) For example, in *Griffis,* the court held that the defense attorney's misleading representations to the trial court concerning the calculation of the five-year period, upon which the plaintiff's attorney relied, estopped the defendant from seeking dismissal upon the expiration of the five-year period. The court held that the plaintiff's attorney was entitled to believe that the defense attorney, as an officer of the court, intended his representations to be relied upon. (*Id.,* at pp. 499-500.)

Here, the record contains no evidence that the defendants or their attorney made any representations to plaintiff concerning the calculation of the five-year period or that they would agree to an extension of the five-year period. The record indicates only that defendant Blas failed to appear voluntarily for her deposition, then sought continuances of the arbitration hearing date, and finally represented to plaintiff's counsel that she would be available for the arbitration during the summer of 1985. Such conduct does not constitute false assurances concerning the running of the five-year period.

Moreover, Blas's failure to appear voluntarily for her deposition did not preclude plaintiff from going forward with the case. Plaintiff's recourse was to seek a court order compelling Blas to appear for her deposition pursuant to section 2019, subdivision (b)(2), and request sanctions if she failed to do so. When faced with the expiration of the five-year period, the

requirement of reasonable diligence does not allow a plaintiff to delay proceeding to trial based upon the defendant's representations of availability for trial at a later date. Plaintiff must obtain either a written stipulation or an oral stipulation in open court by the defendant extending the five-year deadline pursuant to section 583.330, or use every effort to secure a trial date within the five-year period. From November 28, 1984, when the action was ordered removed from the arbitration hearing list and the civil active list until November 10, 1985, when the five-year period expired, plaintiff failed to file a new at-issue memorandum or take any steps to advance the case for trial.

■ We conclude the trial court's finding that it was not impossible, impracticable, or futile to bring the action to trial within five years did not constitute an abuse of its discretion.

The order of dismissal is affirmed.

White, P. J., and Scott, J., concurred.