Filed 6/25/15  Wertheim v. Super. Ct. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WERTHEIM, LLC,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>CURRENCY CORP., et al.,<br><br>Real Parties in Interest. | B262513<br><br>(Los Angeles County<br>Super. Ct. No. BC395819) |

ORIGINAL PROCEEDINGS in mandate.  Deirdre Hill, Judge.  Petition granted.

Armen Manasserian; The Newell Law Firm, Felton T. Newell for Petitioner.

No appearance for Respondent.

Boren, Osher & Luftman, Jeremy J. Osher for Real Parties in Interest.

_____

This petition is an offshoot of extensive litigation surrounding dozens of small loans made by Currency Corporation (Currency) to a single borrower, Maibell Page, from 1997 to 2006. When a dispute arose in 2006, Page entered into an agreement with Wertheim, LLC, the petitioner here, by which she assigned her claims against Currency to Wertheim. In 2008, Wertheim sued Currency, alleging it had interfered with that 2006 agreement. In 2009 and 2010, Currency filed two successive lawsuits and a cross-complaint against Wertheim based on the underlying loan transactions. Although the three lawsuits were not consolidated, the parties litigated them as essentially one dispute, with the trial court expressly agreeing the 2008 lawsuit would trail the 2009 and 2010 suits. In 2015, the trial court nevertheless dismissed the 2008 lawsuit for Wertheim's failure to bring it to trial within five years. (Code Civ. Proc., § 583.310.)[1]

In these original writ proceedings, Wertheim seeks an order directing the trial court to vacate its order of dismissal on the ground that the time within which to prosecute the 2008 action was tolled during lengthy stays of the 2009 and 2010 proceedings. We grant the petition. Although no formal order staying the 2008 lawsuit action was ever entered, and it was never formally consolidated with either the 2009 or 2010 lawsuits, the trial court continued the 2008 action for years, trailing it after the 2009 and 2010 actions, which are still extant, trial having been set for August 2015. The five-year period to bring this matter to trial was tolled during this time.

### BACKGROUND

Currency, the real party in interest, makes loans to persons who own rights to royalty income payable by such entities as the Broadcast Music, Inc. and the American Society of Composers, Authors, and Publishers. The loans are typically secured by the borrower's royalty income. One such borrower was Maibell Page, the widow of accomplished songwriter Eugene Page.

In 2006, a dispute arose between Page and Currency, and Page assigned both her royalties and her claims against Currency to Wertheim.

---

[1] All statutory references will be to the Code of Civil Procedure.

On August 5, 2008, Wertheim sued Currency,[2] alleging Currency interfered with Wertheim's 2006 agreement with Page. (Los Angeles Superior Court (LASC) case No. BC395819; the interference or 2008 action.)

In 2009, Currency sued Wertheim, seeking to enjoin a looming arbitration concerning the Page loans. (LASC case No. BC417798; the injunction or 2009 action.) The trial court denied the injunction and twice confirmed a $600,000 arbitration award against Currency, which we twice reversed on appeal. (*Currency Corp. v. Wertheim*, May 20, 2011, B222851 [nonpub. opn.]; *Currency Corp. v. Wertheim*, September 30, 2013, B240444 [nonpub. opn.].) On January 8, 2015, the trial court ultimately entered judgment in this action against Wertheim and in favor of Currency. Wertheim filed a notice of appeal from the judgment, but on June 12, 2015 we dismissed the appeal.[3]

In 2010, Currency sued Wertheim for declaratory relief, alleging it engaged in an improper attempt to collect on the (now vacated) arbitration award. (LASC case No. BC441026; the declaratory relief or 2010 action.)

The 2008 and 2010 actions were ordered related, as were the 2009 and 2010 actions. The 2009 action was stayed during pendency of the two appeals referenced above, and at one point the 2010 action was stayed based on a stay in the 2009 action.[4]

A June 9, 2011 minute order stated the 2008 action, "Although not stayed, for continuity purposes, the court continues the case management conference in [the 2008 action]" to October 28, 2011. On November 6, 2012, the trial court stated issues in the

---

[2] Parviz Omidvar is the founder, owner and CEO of Currency Corporation and Tiffany Ventures, LLC. Omidvar's two adult sons, Oliver and O'Neil Omidvar, participate extensively in this business. Several lawsuits related to the Page loans have been filed by and against one, some or all of Omidvar, Currency, Tiffany, Oliver and O'Neil. For simplicity, we will refer to any or all of them as "Currency."

[3] We dismissed the appeal on April 15, 2015, but later granted Wertheim's motion to vacate the dismissal. On June 12, 2015, we dismissed the appeal a second time.

[4] On January 13, 2012, the trial court stated the "[s]tay remains in effect" as to the 2008 action, but this was later corrected to refer to a stay entered the 2010 action, not the 2008 action. It is undisputed the 2008 action was never formally stayed.

2008 case would "be addressed after declaratory relief issues are resolved in [the 2010 action]." All in all, from December of 2008 to March of 2014, the trial court continued the case management conference for the 2008 action over two dozen times.

On March 26, 2014, the trial court dismissed the 2010 action.[5] At hearing on that date, when Currency's counsel evinced an intent to move to dismiss the 2008 action for failure to prosecute, the court (Hon. Maureen Duffy-Lewis) stated the 2008 action had always trailed the 2009 action. Judge Duffy-Lewis said, "They have not been failing to prosecute. The court's been actively trailing it based on the representations of prior counsel that, and all prior counsel, that it was best to happen after another case." Currency's counsel responded, "We've never made that representation," to which the court replied, "If you don't want to agree to [a] stay, [the 2008 case] currently trails for trial until what case?" Wertheim's counsel interjected, "the [2009] case, which is the main claim." The court agreed, stating the 2008 action had been stayed "informally" for purposes of trial, but not for discovery.

Trial in the 2008 action was set for May 4, 2015, with a final status conference set for April 24, 2015. In July 2014, Currency filed a peremptory challenge to Judge Duffy-Lewis, and the case was assigned to Judge Deirdre Hill.

On July 17, 2014, Currency moved to dismiss the 2008 action for failure to bring it to trial within five years. Judge Hill's tentative ruling was to deny the motion, citing the remarks of Judge Duffy-Lewis at the March 26, 2014 hearing, and concluding that Judge Duffy-Lewis had determined there were a series of oral and implicit agreements between Wertheim's counsel and Currency's former counsel to stay the case pending resolution of the other cases. After two hearings, however, Judge Hill ultimately granted the motion and dismissed the 2008 action.

_____

[5] There are several more actions and cross-complaints among these parties concerning the Page loans, some of which were consolidated with (and at least one thereafter severed from) one or more of the three actions listed above, and some of which have been wholly or partially dismissed. To avoid confusion, we will discuss only the three main actions, with the understanding that no dismissal of any or all of them will terminate the parties' litigation over the loans.

Wertheim timely petitioned this court for a writ of mandate, seeking to overturn the trial court's order of dismissal and reinstate the 2008 action. We issued an order to show cause.

## DISCUSSION

Preliminarily, real party argues the petition must be dismissed because the format is improper, the record incomplete, and the verification inadequate. We find the petition substantially complies with California Court Rules and the record and verification are adequate. (Cal. Rules of Court, rule 8.486; *Humane Society of the U.S. v. Superior Court* (2013) 214 Cal.App.4th 1233, 1253 [immaterial record deficiencies may be ignored]; *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204 [verification used to join issues rather than as direct evidence of facts may be alleged on "information and belief"].)

Section 583.310 mandates that an action "be brought to trial within five years after the action is commenced against the defendant." Section 583.360, subdivision (a) provides: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." The statute serves to "prevent[] prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses" and "to protect defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time." (*Lewis v. Superior Court* (1985) 175 Cal.App.3d 366, 375.)

The five-year period begins to run when the action is "commenced against the defendant" and continues until the action is "brought to trial." (§ 583.310.) "'Commencement' of an action for purposes of section 583.310 and its predecessor, former section 583, is firmly established as the date of filing of the initial complaint." (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 318.) In a nonjury trial, an action is "brought to trial" for purposes of the five-year statute when the first witness is sworn. In a jury trial, a matter is brought to trial when a jury is impaneled. (*Hartman v. Santamarina* (1982) 30 Cal.3d 762, 765.) It is plaintiff's duty to exercise reasonable

5

diligence to insure a case is brought to trial within statutory time constraints, which includes the duty to call the attention of the court to the necessity of setting trial for a time within five years. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 434; *Sanchez v. City of Los Angeles* (2003) 109 Cal.App.4th 1262, 1270.)

The five-year period can be extended by written stipulation or oral agreement made in open court among the parties. (§ 583.330.) In addition, certain events toll the five-year statute, such as when the court's jurisdiction has been suspended, when prosecution of trial of the action has been stayed or enjoined, and when, for any other reason, bringing the action to trial is "impossible, impracticable, or futile." (§ 583.340.) Generally, impracticability and futility involve "a determination of '"*excessive* and *unreasonable* difficulty or expense,"'" in light of all the circumstances of the particular case." (*Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545, 554.) The burden is on the plaintiff to prove that an exclusion applies (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 329), and the superior court must make a factual determination as to whether the plaintiff exercised "reasonable diligence" in overcoming the obstacles (*Howard v. Thrifty Drug & Discount Stores*, *supra*, 10 Cal.4th at p. 438).

The lower court's ruling on a motion to dismiss is reviewed for abuse of discretion to the extent it is based on an evaluation of factual matters relating to whether it was impossible, impracticable, or futile to bring the case to trial. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.) "We will not substitute our opinion for that of the trial court unless a clear case of abuse is shown and unless there is a miscarriage of justice." (*Mitchell v. Frank R. Howard Memorial Hospital* (1992) 6 Cal.App.4th 1396, 1402.)

The complaint here was filed on August 5, 2008. Wertheim therefore had until August 5, 2013, to bring the matter to trial. It failed to do so. The action must therefore be dismissed unless one of the tolling exclusions applies or some other reason exists not to apply the five-year rule.

Wertheim argues each of the tolling exclusions applies: The trial court's jurisdiction over the 2008 action was suspended during appeals in the 2009 action; the

6

trial court stayed proceedings in the 2008 action pending resolution of the 2009 and 2010 actions; and it was impossible and impracticable to bring the matter to trial. We need not reach these issues because it is undisputed the trial court instituted a long de facto stay pending completion of the 2009 and 2010 actions. The five-year period to bring the matter to trial was tolled during this stay.

The doctrine of equitable estoppel "applies fully to motions brought under section 583[.410]." (*Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281; § 583.140 ["Nothing in this chapter abrogates or otherwise affects the principles of waiver and estoppel"].) In ruling on a motion to dismiss, the trial court must "examine *all the acts and conduct* of the parties, and render a discretionary decision with a view to furthering the ends of justice." (*Tresway Aero, Inc. v. Superior Cour*t (1971) 5 Cal.3d 431, 440.) "If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Borglund v. Bombardier*, *supra*, at p. 281.) "By following the rule of *Tresway*, [the courts] move away from the rigid application of a few limited exceptions to section [583.340], and rather adopt a rule that permits substantial justice to triumph over form." (*Ibid*.)

The estoppel doctrine applies not only to the parties' conduct, but also to trial court actions. (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 241 [five-year period tolled during trial court's delay in putting a matter on calendar]; *Hartman v. Santamarina*, *supra*, 30 Cal.3d at p. 768 ["'the period that the trial is held in abeyance pending assignment of another judge *is to be disregarded* in considering a subsequent motion to dismiss'"]; *Nail v. Osterholm* (1970) 13 Cal.App.3d 682, 686 [same]; see *Weeks v. Roberts* (1968) 68 Cal.2d 802 [five-year period tolled during period following trial court's erroneous performance of duty].)

It is undisputed that there were arbitrations and appeals in the 2009 and 2010 actions, which tolled the five-year limit as to them. Although there was no formal stay in this case, No. BC395819, the record shows that respondent court regularly and

7

consistently continued it pending resolution of the other matters, Judge Duffy-Lewis acknowledging the instant case had been stayed informally for purposes of trial, but not for discovery. On June 9, 2011, the trial court stated the 2008 action would be continued "for continuity purposes," and stated on November 6, 2012, that issues raised by the action would "be addressed after declaratory relief issues are resolved in [the 2010 action]." The court continued the case management conference over two dozen times between December of 2008 and March of 2014, and stated it would be best to resolve substantive claims regarding the Page loans before adjudicating whether Currency had interfered with Page's assignment of those claims to petitioner. Wertheim was thus lulled into complacency by the court's statements and orders, and it was an abuse of discretion for the court to dismiss the action.

Currency argues evidence existed—the trial court's docket and the declaration of its former counsel—that it never agreed to a stay of the 2008 action and in fact there was no formal stay. The point is immaterial. Even if Currency did not agree to a formal or informal stay, Judge Duffy-Lewis trailed the matter for six years on the understanding that adjudication of Page's underlying claims would precede adjudication of whether Currency interfered with assignment of the claims.

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the superior court to vacate its order dismissing the 2008 action and enter a new order denying Currency's motion. Petitioner shall recover its costs on this writ proceeding.

NOT TO BE PUBLISHED.


                                        CHANEY, Acting P. J.

We concur:


        JOHNSON, J.                    BENDIX, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8