Filed 3/20/23  Property and Casualty Ins. Co. of Hartford v. Hoffman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | D079514 |
| Plaintiff, | (Super. Ct. No. 37-2019-00031953-CU-CO-CTL) |
| v. | |
| WILLIAM HOFFMAN, | |
| Defendant and Appellant; | |
| THE GREENFIELD LAW FIRM et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

William Hoffman, in pro. per., for Defendant and Appellant.

Richard R. Leuthold for Defendant and Respondent Pamela Mitchell.

No appearances for Defendants and Respondents The Greenfield Law Firm and Anita Hafner.

William Hoffman appeals the judgment in an interpleader action disbursing among the claimants the proceeds of a settlement he had reached with his insurer in a prior action. He complains the superior court deprived him of property without due process of law in its handling of pretrial proceedings and trial. Hoffman has provided neither an adequate record for review nor a persuasive legal argument for reversal. We therefore affirm.

## I.

## BACKGROUND

In 2018, Hoffman submitted to his homeowner's insurer, Property and Casualty Insurance Company of Hartford (Hartford), a claim for theft and vandalism of personal property. After denial of the claim, Hoffman filed an action against Hartford in the superior court for damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Hartford removed the action to federal court. While the federal court action was pending, The Greenfield Law Firm (Greenfield), Pamela Mitchell, and Anita Hafner each filed a notice of lien in the action. Hoffman and Hartford reached a settlement in March 2019, by which Hartford agreed to pay $24,225 and to file an interpleader action to resolve the competing claims to the money.

In June 2019, Hartford filed a complaint in interpleader in the superior court in which it named Hoffman, Greenfield, Mitchell, and Hafner as defendants. (Code Civ. Proc., § 386, subd. (b).) The defendants filed answers to the complaint.

Hartford deposited $24,225 with the court and moved for discharge from further liability and dismissal from the action. (Code Civ. Proc., § 386.5.) The court granted the motion.

Hoffman served Hafner with a request for admissions and a request for production of documents, which he claimed he needed to determine the validity of her lien. Hafner responded with objections and produced no documents. Hoffman filed a motion to compel a further response to the request for production of documents in February 2020. Hafner filed a response to the motion in which she stated the documents had been shredded or deleted. The motion was taken off calendar when the superior court closed during the COVID-19 pandemic. According to the superior court's register of actions, Hoffman never put the motion back on calendar.

At a case management conference on December 5, 2019, the superior court set a trial date of October 23, 2020; set discovery and motion cut-off dates; and ordered the parties to participate in a mandatory settlement conference. The settlement conference was scheduled, continued several times, and ultimately taken off calendar when the superior court closed during the COVID-19 pandemic. According to the register of actions, the settlement conference was never put back on calendar. The trial date was also continued several times.

On December 14, 2020, the superior court, apparently in connection with a motion for summary judgment, ordered disbursement of $8,075 from the settlement proceeds to Greenfield to satisfy its lien. The court set a bench trial for July 16, 2021, to determine the competing claims to the remaining $16,150 of the settlement proceeds Hartford had deposited. Mitchell and Hafner filed their trial briefs before the trial, but Hoffman did not file his brief until nearly three months after the trial.

At the trial, which lasted less than half a day, there was no court reporter. According to the trial minutes, the superior court heard testimony from Hoffman and Hafner; considered several exhibits; and heard arguments

3

from Hoffman, Hafner, and Mitchell's counsel. The court awarded $6,000 to Mitchell and $10,150 to Hafner. The court entered a judgment including its prior award to Greenfield, its awards at trial to Mitchell and Hafner, and an award of nothing to Hoffman.

## II.

## DISCUSSION

Hoffman contends the superior court deprived him of property without due process of law in multiple ways. He complains the court: (1) denied him an opportunity to present his case at a mandatory settlement conference; (2) refused to allow him to conduct discovery; (3) refused to give him adequate time to obtain and exchange information on expert witnesses; (4) refused to give him adequate time to prepare for trial; (5) refused to give him adequate time to arrange for a court reporter or counsel as needed for trial; (6) refused to allow him to present his case fully at trial; (7) refused to read or consider his motions, documents, and trial brief; (8) refused to consider his objections at trial; (9) refused to allow him to cross-examine Mitchell or Hafner; and (10) refused his request not to disburse the settlement proceeds while the appeal was pending. Hoffman asks us to reverse the judgment, vacate the awards to Mitchell and Hafner, order a mandatory settlement conference, order a new trial before a different judge, and order any other relief necessary to protect his due process rights.

Hoffman's appeal fails under basic principles of appellate review. The superior court's judgment is presumed correct, and reversible error must be affirmatively shown. (E.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 610.) To obtain reversal, Hoffman must do more than merely complain of error. He must present a cogent legal argument that explains how the trial court

4

prejudicially erred and that cites pertinent portions of the record and supportive legal authorities.  (Cal. Rules of Court, rule 8.204(a)(1)(B),  (C); *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597; *Poway Royal Mobilehome Owners Assn. v. City of Poway* (2007) 149 Cal.App.4th 1460, 1480.)  He also must provide a record adequate to permit review of his claims of error.  (*Bowser,* at p. 610; *Tudor Ranches, Inc. v. State Comp. Ins. Fund* (1998) 65 Cal.App.4th 1422, 1433.)  As we shall explain, Hoffman has not met his burden to establish reversible error.

Hoffman has presented no persuasive legal argument specific to any of his 10 complaints.  After listing the complaints without any record citations, he cited the federal and state constitutional provisions prohibiting deprivation of property without due process of law (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)); a case from the United States Supreme Court stating that due process requires an opportunity to be heard (*Grannis v. Ordean* (1914) 234 U.S. 385, 394); a case from the Court of Appeal stating that due process requires a fair and open hearing where the parties can offer evidence, inspect documents, and cross-examine witnesses (*Rucker v. Workers' Comp. Appeals Bd.* (2000) 82 Cal.App.4th 151, 157-158); and a case from the Workers' Compensation Appeals Board stating that denial of an opportunity for discovery is a denial of due process (*Cedeno v. American Nat. Ins. Co.* (1997) 62 Cal.Comp.Cases 939, 942).  Hoffman did not explain how application of any of these authorities to the circumstances of the underlying interpleader action established a due process violation.  Nor did he make any attempt to explain how any such violation resulted in "a miscarriage of justice," which he must show to obtain a reversal of the judgment.  (Cal. Const., art. VI, § 13.)  " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we

5

treat the point as waived.' " (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418.)

Hoffman's complaints are also unsupported by the record. We consider each briefly.

The superior court did not prevent Hoffman from presenting his case at a mandatory settlement conference. The court ordered the parties to participate in one, which was set early in the case. The conference was taken off calendar, however, when the superior court closed during the COVID-19 pandemic. Nothing in the record indicates that once the superior court reopened, Hoffman or any other party asked the court to put the settlement conference back on calendar or that the court refused to do so.

The superior court did not refuse to allow Hoffman to conduct discovery. He served written discovery requests on Hafner, and moved to compel a further response to the request for production of documents when she responded with only objections. That motion, like the settlement conference, was taken off calendar when the court closed during the COVID-19 pandemic. Nothing in the record indicates that Hoffman ever tried to reschedule the motion for hearing, that the court refused to hear it, or that the court placed any limits on the scope of discovery.

Hoffman had plenty of time to conduct any expert witness discovery he deemed necessary, to retain counsel, to arrange for a court reporter, and otherwise to prepare for trial. The interpleader action was commenced in June 2019 and did not go to trial until July 2021. The case was not complicated in that the only issue the superior court needed to decide was the portion of the deposited settlement proceeds to which each claimant was entitled. Hoffman does not explain why, within the more than two years that elapsed between commencement and trial of the action, he could not hire a

lawyer, retain an expert witness, arrange for a court reporter, and be ready for trial. A party has a duty to exercise reasonable diligence in preparing for trial. (E.g., *Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340.) If Hoffman needed more time, he could have requested a continuance. (Cal. Rules of Court, rule 3.1332.) The record contains no such request.

Hoffman's sixth through ninth complaints concern events that allegedly occurred at trial. He contends the superior court refused to read and consider his trial brief and other papers, to consider his objections, to allow him to cross-examine Mitchell or Hafner, and to allow him to present his case fully. The court could not have considered Hoffman's trial brief, because it was not filed until almost three months after the trial concluded. And since the trial minutes state only Hoffman and Hafner testified, it is unclear how Hoffman could have cross-examined Mitchell. In any event, we cannot review the claims of error regarding events at trial because Hoffman has supplied us with neither a reporter's transcript nor a settled statement. (Cal. Rules of Court, rules 8.130, 8.137.)[1] Without either, we cannot tell whether Hoffman raised any objections, whether he sought to cross-examine any witnesses, whether he sought to introduce evidence in addition to the testimony and documents referenced in the trial minutes, or whether any of the court's rulings on these matters prejudiced him. "Where no reporter's transcript [or settled statement] has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) Hoffman's failure to provide an adequate record of the trial

---

[1] The superior court's register of actions contains entries for a proposed settled statement submitted by Hoffman and a related order. Neither document is included in the clerk's transcript.

requires us to resolve his trial-related complaints against him. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

Hoffman's final complaint is that the superior court refused his request not to disburse the settlement proceeds while the appeal was pending. The record, however, contains no such request, and the register of actions contains no entry for one. "It is fundamentally unfair to fault a trial court for a reason it never had an opportunity to consider." (*Bullock v. City and County of San Francisco* (1990) 221 Cal.App.3d 1072, 1093.) Even had the court denied Hoffman's request regarding disbursement of the settlement proceeds, his remedy was to petition this court for a writ of supersedeas (Code Civ. Proc., § 923), not to seek reversal of the judgment in his opening brief.

In closing, we note Hoffman is representing himself in this appeal, and for a person untrained in the law that may be a difficult task. Nevertheless, "as a party appearing in propria persona, [he] 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) An appellate court will not develop the appellant's arguments, search the record for evidence to support the arguments, or consider matters outside the record. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684; *Mitchell v. City of Indio* (1987) 196 Cal.App.3d 881, 890.) Hoffman's failure to provide an adequate record or a brief containing a persuasive argument for reversal with citations to pertinent portions of the record and supportive legal authority requires us to reject his claims of error.

8

## III.

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.