Filed 3/24/25  Saghafi v. Advanced Critical Care etc. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROYA SAGHAFI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ADVANCED CRITICAL CARE, EMERGENCY AND SPECIALTY SERVICES–LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B337742<br><br>(Los Angeles County Super. Ct. No. SC128992) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mark A. Young, Judge.  Affirmed.

Law Office of Tristram Buckley and Tristram Buckley for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Natalya Samsonova for Defendants and Respondents Advanced Critical Care, Emergency and Specialty Services–Los Angeles; Advanced Critical Care, Emergency and Specialty Services–South Bay; Advanced Critical Care, Emergency and Specialty Services–San Fernando Valley; Advanced Critical Care, Emergency and Specialty Services–

Bakersfield; Advanced Critical Care & Internal Medicine, Inc.; Richard Mills and Howard Liberson.

Law Offices of Lisa J. Brown, Lisa J. Brown; Wallace, Brown & Schwartz and George M. Wallace for Defendants and Respondents Jennifer Geiger, Elena Hadar, Stephanie Streete, Jennifer Stewart and Yonathan Buks.

_____

Appellant Roya Saghafi challenges a trial court order dismissing her case for failure to bring the case to trial within the time required by Code of Civil Procedure sections 583.310 and 583.360.[1]  We conclude that appellant fails to demonstrate error, and accordingly affirm.

### FACTUAL AND PROCEDURAL HISTORY

In this appeal, appellant filed an appellant's appendix (Cal. Rules of Court, rule 8.124) containing a total of eight separate documents. This paltry record provides little foundation for a thorough review.

Among other items missing from the appendix is a copy of the complaint.  It appears from the record that is provided that appellant filed suit against defendants, which included veterinary offices and individual veterinarians, alleging that the veterinarians who treated her dog were inexperienced and unqualified, and that their misdiagnosis caused appellant's dog to die.  The record does not make clear what cause or causes of action were pleaded.  The defendants include two groups of respondents, respectively described by the parties as the "Access defendants" and the "Veterinary defendants."[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The Access defendants include:  Advanced Critical Care, Emergency and Specialty Services–Los Angeles, aka, Access Specialty Animal Hospitals, Los Angeles; Advanced Critical Care, Emergency and Specialty Services–South Bay; Advanced Critical Care, Emergency

2

It further appears (though the record does not make certain) that this action was filed on March 13, 2018.  On December 28, 2023, the Access defendants filed a motion to dismiss the complaint, which was joined by the Veterinary defendants.

On January 25, 2024, the trial court granted the motion.  The court found that there was no dispute that the time limit for bringing the matter to trial had expired, and that appellant offered no persuasive evidence that it was impossible, impracticable, or futile to bring the action to trial in a timely manner.  The trial court additionally found that a claim by appellant that the Access defendants' former counsel had agreed to "waive the five-year rule" was not sufficiently supported by the evidence.  Accordingly, the trial court ordered the case dismissed.  Shortly afterward, the trial court issued a nunc pro order, clarifying that the dismissal pertained to all defendants.

## DISCUSSION

Appellant challenges the order granting the motion to dismiss. Among other arguments, she contends that defendants agreed to waive the deadline for bringing the case to trial, and that the trial court should have found that defendants were equitably estopped from bringing their motion to dismiss.  Appellant further asserts that she suffered a due process violation because the trial court, in deciding the motion, improperly relied on new arguments raised in defendants' reply papers, without giving appellant the opportunity to respond.

## I.    The Record Is Deficient

Before turning to appellant's contentions, we again note that the record presented to this court through appellant's appendix is deficient.

---

and Specialty Services–San Fernando Valley; Advanced Critical Care, Emergency and Specialty Services–Bakersfield; Advanced Critical Care & Internal Medicine, Inc.; Richard Mills; and Howard Liberson.  The Veterinary defendants include:  Jennifer Geiger, Elena Hadar, Stephanie Streete, Jennifer Stewart, and Yonathan Buks.

An appellant may properly rely on an appendix in pursuing an appeal (Cal. Rules of Court, rule 8.124), but the documents included in the appendix must be sufficient to allow a meaningful review of the record in order to thoroughly consider the issues on appeal. (See *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1227.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Among other items missing from the record is the original complaint or any amended complaints (which, despite their absence, appear to exist). The complaint would not only demonstrate what date this case was filed—an issue critical to this appeal—but it would also show what allegations and claims were pleaded. Amended complaints, meanwhile, would demonstrate whether any additional claims "relate back" to the filing of the original or the amended complaint. Commencement of an action is "firmly established as the date of filing of the initial complaint." (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 318.) Depending on the nature of the claims alleged in an amended complaint, however, commencement of a claim may relate back to the "filing date of the amended complaint." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 322 (*Tanguilig*).) Without an adequate record, we are left to assume, based on statements in the parties' briefs, that the only applicable filing date was March 13, 2018.

The record is deficient in other ways as well. Notably, in both her opening and reply briefs, appellant relies on statements made at the hearing in question and complains about the trial court's conduct. Appellant does not submit a reporter's transcript for the hearing, however, or an agreed or settled statement, in violation of California Rules of Court, rule 8.120(b). Appellant also fails to include the register of actions for the case or the subject notice of appeal, in

4

violation of California Rules of Court, rule 8.124(b)(1)(A) and 8.122(b)(1)(A) and (F).

Given that the record is clearly inadequate, the trial court order is properly affirmed without the necessity of further analysis. (*Jameson v. Desta, supra,* 5 Cal.5th 594, 609.) We nevertheless elect to address appellant's arguments as presented in her briefing.

## II.    Appellant's Arguments Lack Merit

The trial court granted the motion to dismiss pursuant to sections 583.310 and 583.360. Under section 583.310, "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) In computing the five years, "there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) Dismissal under section 583.310 is "mandatory" unless a statutory exception applies. (§ 583.360; *Martinez v. Landry's Restaurants, Inc.* (2018) 26 Cal.App.5th 783, 793 ["Dismissal is mandatory if the requirements of section 583.310 are not met and an exception provided by statute does not apply"].)

### A.  There was no abuse of discretion.

There is no dispute that the motion to dismiss filed by the Veterinary defendants was properly brought beyond appellant's deadline for bringing the case to trial, even though the normal five-year period was presumably extended in this case due to the COVID-19 pandemic. In response to the pandemic, the Judicial Council of California enacted an emergency rule declaring: " 'Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months.' " (Cal. Rules of Court, appen. I, emergency rule

10(a).) Assuming the parties' representation that the case was filed on March 13, 2018, is correct, the time for appellant to bring her action to trial expired on September 13, 2023. The Access defendants' motion to dismiss was filed well after this deadline, on December 28, 2023.

Appellant fails to demonstrate that the trial court's order granting the motion was erroneous. In opposing the motion below, appellant argued in part that the Veterinary defendants frequently switched attorneys, making it "all but impossible" to move the case forward, and that any delay in prosecution was caused by defendants (as well as the trial court). We apply an abuse of discretion standard of review in examining the trial court's determination of impossibility, impracticability, or futility in bringing the case to trial under section 583.340. (*Tanguilig, supra,* 22 Cal.App.5th 313, 324.)

We conclude that there was no abuse of discretion in this case. The trial court found that appellant offered "no persuasive evidence that it was impossible, impracticable or futile to bring this action to trial at any point," determining that defendants' change of counsel did not establish impossibility. The court also considered appellant's own lack of diligence (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731 ["reasonable diligence" is a factor in assessing impossibility]), finding that "there [were] no substantive actions taken by Plaintiff in this matter for over a year." It was appellant's burden to prove impossibility, impracticability, or futility (i*bid.*), and the trial court properly acted within its discretion in finding that appellant failed to meet her burden. While appellant was correct that the Veterinary defendants switched counsel numerous times, that simple fact did not establish that appellant faced any meaningful barriers in bringing the case to trial. As correctly noted by the trial court, appellant demonstrated little inclination to move the case forward herself.

**B. The waiver argument was properly rejected.**

Appellant alternatively argues that a former attorney for the Veterinary defendants, Dona Abdo, "agreed to waive the five-year rule." Appellant relies on a declaration submitted by her attorney in opposition to the motion to dismiss, in which the attorney declared that "years before," he and Abdo "had a conversation . . . wherein it was agreed to waive the five-year rule," and the attorney relied on that representation, leading to the delay in the case. According to the declaration, the "stipulation" occurred during the deposition of a defendant "while off the record during one of the breaks." Appellant submitted her own declaration, stating that she was present during the conversation, and that "issues were raised such that the attorneys indicated they would waive this [five-year] rule so that the case could be fully prepared for trial."

The trial court rejected appellant's claim of waiver, finding that the declarations at most showed that "counsel intended to stipulate at some point in the future, but fail[ed] to establish an actual stipulation to waive or the length of the waiver." The court noted that appellant did not provide corroborating evidence of a stipulation, the only evidence being a "vague recollection," and that the court would have expected some documentation of the stipulation or that it be put on the record at the deposition. Also determinative to the trial court was a May 2022 stipulation to continue the trial, which identified September 13, 2023, as the deadline for trial.[3]

---

[3] The stipulation to continue the trial that appears in the record is incomplete and unsigned. Appellant submitted this incomplete document in opposing the motion below. It is unclear from the record whether this draft stipulation was eventually entered, or if trial was continued on some other basis. Again, given the lack of clarity in the record, appellant is foreclosed from arguing the effect of the draft stipulation, or the trial court's reliance on it.

7

The trial court's factual findings are reviewed for substantial evidence. (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 107.) We defer to the trial court's determinations of witness credibility, including when testimony is by declaration. (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 791; *Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1562.) We see no compelling reason to question the trial court's credibility determination here. The trial court acted within its authority in finding that, without any supporting evidence, the vague declarations referring to an oral agreement to waive the five-year rule were too suspect to credit. Appellant argues that, since the defendants failed to obtain a declaration from the former attorney, Abdo, refuting the claimed agreement to waive the five-year rule, the trial court was required to accept appellant's version of events. We disagree. "[A] trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence directly contradicting it, and this rule applies to an affidavit." (*Lohman v. Lohman* (1946) 29 Cal.2d 144, 149.)

Moreover, appellant fails to address section 583.330, which provides that parties may extend the time to bring an action to trial by "written stipulation" or "oral agreement made in open court, if entered in the minutes of the court or a transcript is made." (*Id.,* subds. (a), (b).) A plaintiff "must obtain either a written stipulation or an oral stipulation in open court by the defendant extending the five-year deadline pursuant to section 583.330, or use every effort to secure a trial date within the five-year period." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1342.) Neither requirement of section 583.330 was satisfied in this case, and appellant was not diligent in bringing her case to trial in a timely manner.

Appellant further avers that, even without a formal stipulation to waive the five-year deadline, the trial court should have found that defendants were equitably estopped from bringing a motion to dismiss

8

because appellant relied on Abdo's representations in choosing not to bring the matter to trial prior to the deadline. Appellant relies on two opinions in support of this argument: *Tresway Aero v. Superior Court* (1971) 5 Cal.3d 431 (*Tresway)* and *Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d 276 (*Borglund*).

In *Tresway*, the Supreme Court found that a defendant was estopped from seeking dismissal for the plaintiff's failure to serve the summons and complaint within three years. (*Tresway, supra,* 5 Cal.3d at p. 433.) The court noted that, although the plaintiff attempted to serve the defendant, the service was ineffective. Nevertheless, the defendant's "maneuver," requesting an extension on the time to plead, "led plaintiff to believe that further service of process on defendant would be duplicatory and redundant." (*Id.* at p. 441, fn. omitted.) The court found that the defendant was estopped from seeking dismissal, even though no stipulation for an extension had been made in open court, because the defendant "induce[d] the plaintiff to delay service of summons, or to overlook errors in service, and the plaintiff's reliance [was] reasonable." (*Id.* at pp. 439–440.)

In *Borglund*, the appellate court addressed the "sole issue" of "whether the trial court erred in failing to consider equitable estoppel as an implied exception to the five-year dismissal statute." (*Borglund v. Bombardier, Ltd., supra,* 121 Cal.App.3d at p. 279.) *Borglund* held that "[i]f a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Id.* at p. 281.) The court did not decide whether such statements or conduct occurred, however, or whether there was reasonable reliance, instead explaining that these were factual issues for the trial court to decide. (*Id.* at pp. 281–282.)

In contrast, the trial court in this case made factual findings. The court examined the evidence and found support lacking for

appellant's claim that the parties agreed to waive the deadline. Additionally, the court found that the failure to bring the case to trial prior to the deadline could be attributed to plaintiff's own lack of diligence. These determinations, which were supported by substantial evidence, eliminated possible support for a finding that defendants were estopped from bringing a motion to dismiss.

## C. The trial court was not required to consider appellant's late-filed declarations.

Appellant next contends that her due process rights were violated because the trial court improperly relied on new arguments raised in defendants' reply papers without giving her the opportunity to respond. Several days after defendants filed their reply in support of the motion to dismiss, appellant's attorney filed a declaration attempting to refute points made in the reply. Then, after the trial court issued its tentative ruling, but prior to issuance of the final ruling, appellant's attorney filed a second declaration disagreeing with statements made in the tentative ruling. In its final order, the court struck these two declarations as improper surreplies.

Appellant does not cite to any authority in support of the proposition that the trial court's striking of late-filed documents violated her due process rights. In contrast, the court's authority to strike the declarations was clear. "[A] trial court has broad discretion to accept or reject late-filed papers." (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 262.) Consideration of a proffered surreply is a matter "within the discretion of the trial court." (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 703.) The trial court properly exercised its discretion in striking appellant's late-filed declarations.

In any event, the premise underlying appellant's claim that the trial court should have considered the declarations is lacking. Appellant argues that the declarations were necessary because defendants raised "new and improper matters" in their reply. First,

10

even if this statement were true, it would not compel reversal. "Whether to accept new evidence with the reply papers is vested in the trial court's sound discretion, and we may reverse the trial court's decision only for a clear abuse of that discretion." (*Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 241.)

Second, appellant's claim that new matters were raised in the reply papers is not supported by the record. Appellant complains that, in their reply, defendants raised issues regarding the draft stipulation to continue the trial. It was appellant, however, who submitted the draft stipulation in support of her opposition. Defendants, and the trial court, were under no obligation to refrain from addressing it. Further, as noted above, because of the inadequate record presented to this court, the substantive effect of the draft stipulation is unclear and can provide no basis for reversal.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

11