Filed 6/7/21  Adoption of J.D. CA3
Opinion following rehearing

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re Adoption of J.D., a Minor. | C092964 |
| K.D., | (Super. Ct. No. SAD0003780) |
| Petitioner and Respondent, | OPINION ON REHEARING |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

Appellant J.F., biological father of the minor, appeals from the family law court's order terminating his parental rights.  He contends the order must be reversed because the court and parties failed to address whether termination of his parental rights was in the minor's best interests.  We agree and remand with instructions to the family law court to make additional findings and enter a new order on the petition to terminate parental rights.

1

FACTUAL AND PROCEDURAL BACKGROUND

We limit our recitation of the background to those facts necessary to our resolution of this appeal.

On May 14, 2019, respondent K.D., mother of the then two-year-old minor, filed an ex parte petition to dispense with notice to, and terminate the parental rights of, appellant—the biological father of the minor.  The petition alleged, inter alia, that appellant is not the minor's presumed father, nor is there another person who is the minor's presumed father, and that the minor should be freed for adoptive placement by mother and a prospective adoptive second parent.  Mother's supporting declaration stated she was seeking to allow her mother (the maternal grandmother) to become the minor's adoptive second parent.  To facilitate this second parent adoption, she was requesting the court terminate appellant's parental rights pursuant to Family Code sections 7822 and 7664.[1]  On the same date, the maternal grandmother filed an adoption request, seeking to be declared an additional parent, with mother retaining her parental rights, but also requesting the court grant the petition to terminate appellant's parental rights.

A court investigator filed a report on June 17, 2019, reporting appellant had no relationship with mother at the time of conception, had never met the minor, and was not certain the minor was his biological child.  The investigator reported appellant claimed he had been kept from seeing the minor or providing financial support, was opposed to termination of parental rights, and was hoping for court ordered visitation.  The investigator reported, however, that appellant had not made any attempt to petition for visitation and had not shown any initiative, beyond token efforts, to meet or financially support the minor.  Mother had reported that when she told appellant of her pregnancy, he asked her to get an abortion.  The investigator also reported that the minor's mother

---

[1]    Undesignated statutory references are to the Family Code.

2

lived with and was receiving financial and child rearing support from the maternal grandmother. The minor had been raised by mother and the maternal grandmother and the investigator reported that it appeared to be in the minor's best interests to terminate appellant's parental rights.

Appellant repeatedly requested genetic testing to determine if he was the minor's biological father and, over mother's relevancy and delay objections, the court ultimately granted his request. The trial on mother's petition to terminate appellant's parental rights took place on November 2, 2020. Prior to opening statements, there was discussion about the relevance of the minor's biology and the manner of conception. In that context, there were some remarks made about the issue of best interests of the minor, as follows:

"THE COURT: [¶] . . . [¶] As I understand it, the issue is not whether in fact [appellant] is the biological father of the child. In fact, the petitioner, from what I'm reading, concedes that he is the biological father of the child. The issue is whether he comes under the statutory and case definition of a presumed father. So that's basically what we're talking about here. [¶] And then whether or not evidence needs to be presented about the best interests of the child."

Prior to trial, the court tentatively ruled that evidence related to the manner of conception and evidence related to the DNA testing or results were not relevant and would be tentatively excluded.

Thereafter, in connection with discussion surrounding the admissibility of evidence relating to the manner of the minor's conception, mother's counsel remarked that appellant did not meet any of the statutory definitions of a presumed father so "all we have left is *Kelsey S.*"[2] Mother's counsel argued it was appellant's burden to prove

---

[2] *Adoption of Kelsey S.* (1992) 1 Cal.4th 816 (*Kelsey S.*).

An individual is what is known as a *Kelsey S.* father, or a presumed father pursuant to *Kelsey S.*, when, although he has not satisfied the section 7611, subdivision

3

whether, as "a mere alleged father, it is in this child's best interest to retain his parental rights" and that "[t]he best interests of the child is what needs to be focused on." The court agreed that appellant "certainly has the burden if we get to best interests," and had the burden of proof to establish presumed parenthood under *Kelsey S.*, but concluded mother had the burden to prove appellant was not a statutorily presumed father.

Appellant testified at trial as to some initial matters and the court made a finding that appellant did not meet the statutory criteria to establish himself as a presumed father under section 7611, subdivisions (a), (b), (c), or (d). Appellant then testified regarding the actions he did, and did not, take with respect to mother's pregnancy and the rearing of the minor. Appellant also made an offer of proof concerning the testimony of his mother. Appellant's counsel then indicated that she had no further witnesses as to the issue of the burden to prove appellant was a presumed father under *Kelsey S.*, but "[i]f I survive this burden, clearly I would have to call [appellant] and potentially his mother regarding best interests. But at this time I have no further witnesses as to *Kelsey S.*" Mother's counsel then argued appellant had not met his burden and asked the court to enter a judgment and/or direct a verdict that appellant is not the minor's presumed father and terminate his parental rights.

After hearing further argument from the parties, the court found appellant had failed to establish himself as a presumed father under *Kelsey S.* The court found a

_____

(d) conditions to become a presumed father, he promptly came forward and made a full commitment to his parental responsibilities, emotional, financial and otherwise, but a third party has thwarted his attempt to achieve presumed parent status under section 7611, subdivision (d). The factors to consider in determining whether a man qualifies as a presumed father pursuant to *Kelsey S.* are the man's "conduct before and after the child's birth, including whether he publicly acknowledged paternity, paid pregnancy and birth expenses commensurate with his ability to do so, and promptly took legal action to obtain custody of the child. [Citation.] He must demonstrate a full commitment to his parental responsibilities within a short time after he learned that the biological mother was pregnant with his child. [Citation.] He must also demonstrate a willingness to assume full custody. [Citation.]" (*In re Elijah V.* (2005) 127 Cal.App.4th 576, 583.)

4

reasonable man who wanted to establish a relationship with his child would have done "far more" than appellant had done, that appellant had not taken any of the many avenues that were available to him to establish a connection with the minor, that appellant had not really believed he was the minor's father, and had done nothing to pursue his remedies until that fact was established to his satisfaction. The court then stated, "So I am going to grant the petition to terminate any parental rights of [*sic*] the minor child and enter judgment accordingly."

The court did not follow this proceeding with a hearing or ruling on the maternal grandmother's adoption request. Appellant filed a timely notice of appeal from the judgment after trial on the petition to terminate parental rights.

DISCUSSION

Appellant concedes that evidence supports the court's finding that he does not qualify as a presumed father under *Kelsey S.* He contends, however, that the court erroneously terminated his parental rights as an undisputed biological father without making the necessary finding that termination of his parental rights is in the minor's best interests.[3] We agree with this contention.

Finding appellant is neither a statutory presumed father nor a presumed father pursuant to *Kelsey S.* renders him unable to object to an adoption. (*Kelsey S., supra*, 1 Cal.4th at p. 825 ["[a] natural father's consent to an adoption of his child by third parties is not required unless the father makes the required showing that retention of his parental rights is in the child's best interest"]; see § 7664, subd. (b); see also *Adoption of A.S.* (2012) 212 Cal.App.4th 188, 215.) Finding appellant is not a presumed father is not, however, sufficient to support the termination of his parental rights without the court first

---

[3]     He also argues that the evidence supports a finding that it is in the minor's best interests for him to retain his parental rights. We do not address this contention because, as we discuss, the court did not make a finding on best interests for this court to review.

finding termination is in the minor's best interests (either pursuant to mother's pending petition, or in connection with granting the maternal grandmother's adoption request).

We cannot imply that the court made the finding that termination of appellant's parental rights is in the minor's best interests. Instead, it appears from the colloquy in the record that both the court and appellant's counsel were under the mistaken impression that there was no need for appellant to prove termination was not in the minor's best interests, and no need for the court to make a best interests finding, unless appellant first met his burden to establish that he should be found a presumed father pursuant to *Kelsey S.* Accordingly, we must remand for the court to make a best interests finding in that regard.

Additionally, it is unclear whether the court granted mother's petition to terminate appellant's parental rights pursuant to only section 7664, or whether the petition was also granted pursuant to section 7822 (abandonment). The court simply stated mother's petition, which requested termination pursuant to both sections, was granted. On remand, the court should indicate whether it is making findings and orders as to one or both sections.

Finally, we note that appellant also appears to contend that the maternal grandmother cannot qualify as a second parent for purposes of adopting the minor in this case. We do not reach the merits of that contention since the court has not granted the request for adoption. Nor is reliance on the ability of the maternal grandmother to adopt the minor as a second parent necessary for the court to find that termination of appellant's parental rights is in the minor's best interests, either under section 7822 *or* section 7664. Thus, the issue is not ripe for review.

After this court filed its opinion in this matter, respondent filed a petition for rehearing representing that, shortly after the record was prepared but *prior to the parties' briefing*, the family law court filed written findings and orders in connection with the order from which the appeal was taken. In her petition, respondent claimed rehearing

6

was necessary because these written findings and orders rendered the appeal premature and rendered our original disposition confusing and at least partially moot. Specifically, respondent argued the appellate court mistakenly relies upon the family court's oral ruling and not the written judgment signed December 7, 2020, which contains specific findings as to the minor's best interests.

We emphasize with censure that *neither* party sought (timely or otherwise) to augment the record with the filed orders. Instead, respondent merely attached a copy of the purported written findings and orders to her petition for rehearing. Having first wasted this court's time arguing the merits of an appeal without first providing this court with a complete and adequate record, respondent further wastes this court's time seeking rehearing and the issuance of a new opinion—*again,* without augmenting the record with the necessary components for doing so.[4] We decline to rewrite the entirety of our opinion. This court's review is limited to the record on appeal. (*People v. Jenkins* (2000) 22 Cal.4th 900, 952.)

*We, as the appellate court, have no responsibility to perfect an inadequate record.* (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498-499.) It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) But while it is the appellant's responsibility to provide a record that is adequate for appellate review of his claims (see *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574) it is unacceptable for *either* party to trifle with the courts or waste this court's time.

---

**4** "When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.)

As an evidence of our condemnation of the unwarranted burden the parties placed on the court in this case, we now administer to both parties the stern reprimand of this court:

Counsel is reminded that an attorney is obliged "[t]o maintain the respect due to the courts of justice and judicial officers" and "has an unqualified duty to refrain from acts which mislead the court." (*Jackson v. State Bar* (1979) 23 Cal.3d 509, 513; Bus. & Prof. Code, §§ 6068, subds. (b), (d), 6128, subd. (a); State Bar Rules Prof. Conduct, rule 5-200(B) [a member of the State Bar "[s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law"].) " ' "Honesty in dealing with the courts is of paramount importance, and misleading a judge is, regardless of motives, a serious offense." ' [Citations.] 'Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice.' [Citation.]" (*Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330.) Concealment of a material fact within the attorney's knowledge misleads the court as effectively as does an overtly false statement. (*Griffis v. S.S. Kresge Co.* (1984) 150 Cal.App.3d 491, 499.)

Having issued this reprimand, we address the timeliness of appellant's notice of appeal by finding that, to the extent the notice of appeal was premature, we treat it as timely filed pursuant to California Rules of Court, rule 8.406(d). With respect to respondent's representation on rehearing that the family law court entered subsequent written findings and orders in connection with its November 2, 2020 oral orders, any such written findings and orders are also vacated.

8

DISPOSITION

The order granting mother's petition and terminating appellant's parental rights is reversed and the matter is remanded for the family law court to make new findings and enter a new order consistent with this opinion. On remand, the family law court shall exercise its discretion regarding what additional evidence, if any, may be presented by the parties.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
ROBIE, J.

_____/s/_____
KRAUSE, J.

9